SENTENCIA
Nos corresponde determinar si erró el Tribunal de Ape-laciones al desestimar un recurso por carecer de jurisdic-ción para atenderlo. Ello, por haber incumplido el Depar-tamento de Asuntos del Consumidor con el requisito de notificación a las partes de la presentación de un recurso de revisión administrativa que establece el Reglamento del Tribunal de Apelaciones. En particular, debemos examinar si el peticionario demostró justa causa para incumplir con el término dispuesto para la notificación.
*705 I
Servidores Públicos Unidos de Puerto Rico (AFSCME)(1) (SPU), representante exclusivo de los empleados de la uni-dad apropiada del Departamento de Asuntos del Consumi-dor (DACo), presentó una querella ante la Comisión de Re-laciones del Trabajo del Servicio Público (Comisión) contra DACo por haber incurrido en práctica ilícita.
Luego de varios trámites procesales, el 26 de enero de 2011 la Comisión Apelativa del Servicio Público emitió una decisión y orden, en la cual determinó que DACo incurrió en práctica ilícita del trabajo al dejar sin efecto un au-mento por mérito y al negar a ciertos empleados el au-mento trienal que dispone la Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico, Ley Núm. 184-2004 (3 L.P.R.A. sec. 1461 et seq.), según enmendada. DACo pre-sentó una moción de reconsideración, la cual fue declarada “no ha lugar” el 1 de marzo de 2011.
Inconforme, el 1 de abril de 2011 DACo presentó un re-curso de revisión administrativa ante el Tribunal de Apelaciones. Posteriormente, el 31 de mayo de 2011 la SPU presentó una “Moción informativa y en solicitud de deses-timación”, en la cual solicitó que se desestimara el recurso por falta de jurisdicción. En esta moción alegó que DACo no les notificó el recurso de revisión presentado el 1 de abril de 2011 en el término debido. El 7 de junio de 2011 DACo presentó una moción para oponerse a la desestima-ción, en la que argüyó que no se encontró la copia del acuse de recibo del envío de la notificación. Atribuyó lo anterior a un error humano, ya que el recurso fue presentado fuera de horas laborables. Sin embargo, señaló que cumplieron con el término jurisdiccional de 30 días al presentar el re- *706 curso ante el Tribunal de Apelaciones el 1 de abril de 2011 a las 6:30 de la tarde.
El 29 de junio de 2011 el Tribunal de Apelaciones emitió una resolución en la que desestimó el recurso por falta de jurisdicción. El foro apelativo intermedio basó su dictamen en que DACo había incumplido con el requisito de notifica-ción de la presentación de su recurso de revisión a la SPU. Señaló el Tribunal de Apelaciones que DACo tampoco pre-sentó evidencia demostrativa concreta para corroborar sus alegaciones de que notificó el recurso a la SPU dentro del término.
Nuevamente inconforme, DACo presentó una moción en la cual solicitó la reconsideración del dictamen del foro apelativo intermedio. El 16 de agosto de 2011 el Tribunal de Apelaciones emitió una resolución en la que declaró “no ha lugar” la reconsideración.
Oportunamente, DACo compareció ante nos mediante un recurso de certiorari. En éste nos solicitó que revisára-mos la resolución emitida por el Tribunal de Apelaciones el 29 de junio de 2011. Entre sus señalamientos de error, sos-tuvo que erró el foro apelativo intermedio al declararse sin jurisdicción para atender el recurso por la alegada notifi-cación tardía. Argüyó que no procedía la desestimación por ser el término de cumplimiento estricto y haberse demos-trado justa causa para su incumplimiento.
El 20 de enero de 2012 emitimos una Resolución en la cual declaramos “no ha lugar” la petición de certiorari presentada. Oportunamente, DACo presentó una primera moción de reconsideración, la cual fue declarada “no ha lugar”. El 11 de julio de 2012 examinamos una segunda moción de reconsideración presentada por DACo y la decla-ramos “con lugar”. Además, expedimos el recurso. Con-tando con la comparecencia de ambas partes, procedemos a resolverlo.
*707 II
La Regla 57 del Reglamento del Tribunal de Apelacio-nes, 4 L.P.R.A. Ap. XXII-B, establece un término jurisdic-cional de 30 días para presentar un recurso de revisión administrativa, contado a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Por su parte, la Regla 58 del mencionado reglamento requiere que la parte recurrente notifique el escrito de revisión a los abogados y las aboga-das de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario adminis-trativo o funcionaría administrativa de cuyo dictamen se recurre. Regla 58 del Reglamento del Tribunal de Apelacio-nes, 4 L.P.R.A. Ap. XXII-B. Esta notificación deberá reali-zarse dentro del término para presentar el recurso. En cuanto a la naturaleza del término para notificar a las par-tes, la regla establece que es de cumplimiento estricto. Id. Ello, a diferencia del término de 30 días para presentar el recurso, el cual es de carácter jurisdiccional.
Además, este reglamento dispone que la parte recu-rrente debe certificar al Tribunal de Apelaciones en el es-crito de revisión el método mediante el cual notificó o noti-ficará a las partes, y el cumplimiento con el término dispuesto para ello. Regla 58(A)(4) de Procedimiento Civil, supra.
Este Tribunal reiteradamente ha expresado que las nor-mas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. García Ramis v. Serrallés, 171 D.P.R. 250, 253 (2007); Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 564 (2000); Arriaga v. F.S.E., 145 D.P.R. 122, 129-130 (1998). La severidad en su acata-miento radica en que no debe quedar al arbitrio de las partes o de sus abogados decidir qué disposiciones regla-mentarias deben acatarse y cuándo. Rojas v. Axtmayer *708 Ent., Inc., supra; Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 124-125 (1975) (per curiam). Naturalmente, esta norma aplica a los requisitos establecidos en el Reglamento del Tribunal de Apelaciones. Rojas v. Axtmayer Ent., Inc., supra.
Como es sabido, los términos jurisdiccionales son impro-rrogables, por lo que no están sujetos a interrupción o cum-plimiento tardío. En cambio, cuando se trata de un término de cumplimiento estricto, el tribunal no está atado al au-tomatismo que conlleva un requisito jurisdiccional, por lo que puede proveer justicia según lo ameritan las circuns-tancias y extender el término. S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873, 881-882 (2007); Lugo v. Suárez, 165 D.P.R. 729, 738 (2005). Así, los términos de cumpli-miento estricto no son fatales si se demuestra justa causa. García Ramis v. Serrallés, supra, pág. 253.
Ahora bien, el que el cumplimiento de un término regla-mentario no esté atado a la rigidez de un requisito juris-diccional no significa que el Tribunal de Apelaciones goza de discreción para prorrogarlo automáticamente. Peerless Oil v. Hnos. Torres Pérez, 186 D.P.R. 239 (2012); Rojas v. Axtmayer Ent., Inc., supra, pág. 564. Los tribunales solo pueden eximir del requisito de cumplimiento estricto si es-tán presentes dos condiciones, a saber: (1) que en efecto exista justa causa para la dilación; (2) que la parte le de-muestre detalladamente al tribunal las bases razonables que tiene para la dilación. Johnson & Johnson v. Mun. de San Juan, 172 D.P.R. 840, 850 (2007); Rojas v. Axtmayer Ent., Inc., supra, pág. 565. La observancia tardía de los términos solo se permite cuando la parte que incumple con el término demuestra a cabalidad una justa causa para no cumplir rigurosamente con éste. Figueroa v. Del Rosario, 147 D.P.R. 121, 127 (1998). Por el contrario, si no se acre-dita de forma adecuada la justa causa aludida, el tribunal carece de discreción para prorrogar el término y acoger el recurso ante su consideración. Johnson & Johnson v. Mun. *709 de San Juan, supra, pág. 850; García Ramis v. Serrallés, supra; Rojas v. Axtmayer Ent., Inc., supra, pág. 564. Es importante señalar que la acreditación de la justa causa en este tipo de casos no se cumple “con vaguedades excusas o planteamientos..., sino con explicaciones concretas y parti-culares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonable-mente, por circunstancias especiales”. Rojas v. Axtmayer Ent., Inc., supra, pág. 565.
III
A diferencia de DACo v. AFSCME, 185 D.P.R. 1 (2012) —en el cual DACo cumplió con los requisitos reglamenta-rios que aquí nos ocupan— en el caso ante nuestra consi-deración dicha agencia no notificó a las partes el recurso de revisión administrativa presentado al Tribunal de Apela-ciones dentro del término de 30 días dispuesto para ello. Véase Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B.(2) Tampoco presentó evidencia alguno ante el foro apelativo intermedio que demostrara que realmente notificó a la SPU. Tal como expusimos, el término quebran-tado es de cumplimiento estricto. Por lo tanto, la violación de este tipo de término no es fatal si se demuestra justa causa.
En este caso, DACo alegó que había presentado el re-curso de revisión dentro del término establecido para ello. De igual forma, argüyó que en ese mismo día había notifi-cado mediante correo certificado a las partes y mediante mensajero el 4 de abril de 2011. Sin embargo, no presentó *710 evidencia de ninguna de estas gestiones. Alegó que el 7 de junio de 2011 se envió copia nuevamente del recurso, pero que fue devuelta por el correo el 13 de junio de 2011. Aun-que se aneja copia de lo que parece ser un sobre con fecha de 7 de junio de 2011, el nombre del destinatario aparece en blanco. Véase Apéndice de la Petición de certiorari, pág. 130.
DACo no acreditó la veracidad de su justificación. Es decir, ante la admisión de que notificó a una dirección in-correcta, ni siquiera acreditó la veracidad del supuesto error. En su defecto, se limitó a presentar copia de un sobre postal al cual le fue tachado el nombre y la dirección del destinatario, por lo que resulta imposible constatar si en efecto fue enviado a la dirección correcta de la parte recurrida. Tampoco nos coloca en posición de corroborar si se trata de un error al confundir un dígito del código postal.
Como vemos, la parte peticionaria falló en demostrar que, en efecto, existía justa causa para la dilación de la notificación. Tampoco logró probar explicaciones o bases razonables que le permitan al tribunal concluir que hubo justa causa para el incumplimiento. DACo no presentó evi-dencia que cumpliera con nuestro estándar de justa causa, aun cuando ha tenido la oportunidad de demostrarla.
En consecuencia, ante la ausencia de la demostración de justa causa, el Tribunal de Apelaciones carecía de discre-ción para acoger el recurso de certiorari ante su considera-ción.
IV
Por los fundamentos antes expuestos, se confirma el dic-tamen del Tribunal de Apelaciones mediante el cual se des-estimó el recurso de revisión por falta de jurisdicción.
Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo. El Juez Asociado Señor Rivera *711 García disintió con una opinión escrita, a la cual se unieron la Jueza Asociada Señora Pabón Charneco y el Juez Aso-ciado Señor Feliberti Cintrón.
(Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo
— O —

 Siglas en inglés de la organización matriz American Federation of State County and Municipal Employees.

 En DACo v. AFSCME, 185 D.P.R. 1 (2012), ante una situación similar a la del presente caso, establecimos que el aumento trienal dispuesto en la Ley para la Ad-ministración de los Recursos Humanos en el Servicio Público del Estado Libre Aso-ciado de Puerto Rico, Ley Núm. 184-2004 (3 L.P.R.A. sec. 1461 et seq.), según enmen-dada, no aplica a los empleados que pertenecen a una unidad apropiada. Por lo tanto, determinamos que no incurre en práctica ilícita el patrono que deniega a estos em-pleados el mencionado aumento.