| | |
|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>    Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP), por conducto de su Comisionado electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>    Recurridos | 2016 TSPR 225<br><br>196 DPR ____ |

Número del Caso: CT-2016-15

Fecha: 31 de octubre de 2016

Abogados de la parte Peticionaria:

> **Comisionado Electoral del PNP**
> Lcda. María Elena Vázquez Graziani
> Lcdo. Hamed G. Santaella Carlo
> Lcdo. Alfonso A. Orona Amilivia

Abogados de la parte Recurrida:

> **Comisionado Electoral del PPD**
> Lcdo. Luis E. Meléndez Cintrón
> Lcdo. Jorge Martínez Luciano
> Lcda. Alexa Rivera Medina

> **Comisionado Electoral del PPT**
> Lcda. Rosa M. Seguí Cordero

> **Comisionado Electoral del PIP**
> Lcda. Brenda Berríos Morales

> **Comisión Estatal de Elecciones**
> Lcdo. Manuel Izquierdo Encarnación
> Lcdo. Héctor E. Pabón Vega

Materia: Resolución del Tribunal con Votos particulares disidentes.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP), por conducto de su Comisionado electoral, Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>Recurridos | CT-2016-15 | Certificación Intrajurisdiccional |

RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2016.

Atendida la *Moción urgente de desestimación por falta de jurisdicción del Tribunal y, en la alternativa, solicitud de orden aclaratoria sobre consolidación* presentada por el Comisionado Electoral del Partido Popular Democrático, Lcdo. Guillermo San Antonio Acha, la *Moción en oposición a desestimación y acreditando notificación del Comisionado Electoral del PNP* presentada por el Comisionado Electoral del Partido Nuevo Progresista, Lcdo. Aníbal Vega Borges y la *Moción de desestimación* presentada por el Comisionado Electoral del Partido del Pueblo Trabajador, Dr. José Córdova Iturregui, se provee no ha lugar a la desestimación solicitada.

Se aclara que en vista de que los casos están consolidados, cualquier determinación de este foro es extensiva a ambos recursos.

Notifíquese inmediatamente por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres hizo constar la siguiente expresión a la cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Rivera García:

"El Juez Asociado señor Martínez Torres está conforme con proveer no ha lugar a las mociones de desestimación porque, como señalan los votos disidentes en la alternativa, el término de veinticuatro horas dispuesto en el Art. 4.001 de la Ley Electoral, 16 LPRA sec. 4031, para **notificar** un escrito de revisión es de cumplimiento estricto. Lo que es jurisdiccional es el término para **presentar** el escrito de revisión ante el Tribunal de Primera Instancia. En este caso, antes de que el término para notificar expirara, el foro primario lo prorrogó por justa causa mediante una orden para que se notificara copia de la solicitud de revisión junto con la citación a una vista. Orden del Juez Superior Ángel R. Pagán Ocasio, emitida el 27 de octubre 2016 a las 4:26 p.m. Por lo tanto, los casos que cita la disidencia son totalmente distinguibles. Así, por ejemplo, cuando desestimamos el recurso de certiorari presentado en Luis A. Rodríguez Aponte (Comisionado Electoral) y otros v. Comisión Local de Elecciones de las Marías Precinto 034, CC-2016-1017, lo hicimos porque la presentación de ese escrito no se notificó y el término no se había prorrogado. Lo que laceraría la confianza del Pueblo en la justicia sería que pretendamos tratar situaciones distintas como si fueran iguales."

La Jueza Presidenta Oronoz Rodríguez emitió la siguiente expresión:

La Jueza Presidenta Oronoz Rodríguez disiente de la determinación de una mayoría de este Tribunal y declararía con lugar la desestimación solicitada. El Art. 4.001 de la Ley Electoral, 16 LPRA sec. 4031, provee, sin ambages, que la parte que interese revisar un dictamen de la Comisión Estatal de Elecciones (CEE) tendrá un término de 24 horas para presentar el recurso de revisión y notificarle a la CEE y a las partes afectadas. Lo anterior es un requisito estatutario para perfeccionar el recurso de revisión. Por tanto, su incumplimiento priva de jurisdicción al tribunal.

En este caso el Comisionado Electoral del PNP aceptó que no notificó su escrito a la CEE y a las demás partes dentro del término de 24 horas exigido

por el estatuto. La falta de jurisdicción es patente y el curso legal obligado es la desestimación. Reiteradamente hemos expresado que ningún tribunal puede arrogarse la jurisdicción que no tiene. Las partes tampoco se la pueden conferir. Este no es un asunto de jurisdicción sobre la persona, sino una obligación que impone la Ley Electoral y cuyo incumplimiento priva de jurisdicción al foro.

Sin embargo, varios miembros de este Tribunal consideran que el término para notificar el escrito de revisión a la CEE y a las partes afectadas es de cumplimiento estricto. Así, consideran que el foro primario prorrogó mediante orden el término para cumplir con el requisito de notificación, **aun cuando el Comisionado Electoral del PNP no le solicitó** dicha prórroga al foro de instancia y, por ende, no pudo haberla justificado. En este escenario, aparte de que no se desprende de la orden del tribunal una intención de prorrogar el término, considero que el tribunal no hubiera podido hacerlo pues es "norma trillada" en nuestro ordenamiento procesal que se requiere justa causa para que un tribunal pueda, en el ejercicio de su discreción, prorrogar un término. Rosario Mercado v. ELA, 189 DPR 561, 563 esc. 1 (2013)(Op. J. Martínez Torres).

De ahí que en Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013), los que hoy argumentan que el término en cuestión se prorrogó, antes expresaron que "[l]a parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto. Si no lo hace, **los tribunales 'carece[n] de discreción para prorrogar el término** y, por ende, acoger el recurso ante su consideración'". Esto, sin considerar que la distinción que estos miembros del Tribunal sugieren entre el carácter jurisdiccional del término para *presentar* un escrito y el carácter de cumplimiento estricto del mismo término para *notificar* tal escrito no tiene base en la Ley Electoral.

Además, cabe enfatizar que recientemente este Tribunal, **de forma unánime**, declaró no ha lugar un recurso de *certiorari* presentado por el Partido Popular Democrático en el caso Luis A. Rodríguez Aponte (Comisionado Electoral) y otros v. Comisión Local de Elecciones de Las Marías Precinto 034, CC-2016-1017, por incumplir con el Reglamento de este Tribunal al no certificar dentro de las

24 horas de presentar su escrito que notificó su recurso a las demás partes vía fax o personalmente y por teléfono. Véase, Regla 22 (E)(3-5) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI(B). A pesar de que en este caso el Comisionado Electoral del PNP incumplió con un requisito análogo, una mayoría de este Tribunal resuelve de forma distinta.

Laceramos la confianza del Pueblo en esta institución cuando ante situaciones similares, resolvemos de forma inconsistente. Por todo lo anterior, disiento.

La Juez Asociada señora Rodríguez Rodríguez emitió un Voto particular disidente. El Juez Asociado señor Feliberti Cintrón emitió un Voto particular disidente al cual se une la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.

El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

Hace tan solo cinco (5) días atrás, el 26 de octubre de 2016, en *Luis A. Rodríguez Aponte (Comisionado Electoral del PPD) y otros v. Comisión Local de Elecciones de las Marías, CC-2016-1017*, un caso con controversias en extremo similares a la que hoy nos ocupan, los nueve (9) jueces que componemos este Tribunal procedimos de forma correcta al desestimar por falta de jurisdicción un recurso de revisión judicial en el cual el Comisionado Electoral del Partido Popular Democrático de las Marías nos solicitaba que revisáramos un gran número de recusaciones por razón de domicilio efectuadas en el referido Municipio. Ello toda vez que el recurso presentado por este no se había notificado a las partes dentro del término de 24 horas que establece la Regla 22(e) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B, análoga a el Art. 4.001 de la Ley Electoral de Puerto Rico, 16 L.P.R.A sec. 4031. Hoy, en un caso en el que el Comisionado Electoral del Partido Nuevo Progresista nos solicita que revisemos ciertas determinaciones de la Comisión Estatal de Elecciones relacionadas con el voto adelantado de electores con impedimentos de movilidad (encamados), una mayoría de este Tribunal **-- sin brindar razones válidas en derecho para ello --** se niega a desestimar por falta de jurisdicción un recurso que adolece, en esencia, del mismo defecto. No podemos avalar con nuestro voto ese lamentable y errado proceder. Con el mismo sentido de justicia y de responsabilidad que empleé al disponer del caso *Luis A. Rodríguez Aponte*

*(Comisionado Electoral del PPD) y otros v. Comisión Local de Elecciones de las Marías,* hoy desestimaría por falta de jurisdicción el caso ante nos.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones, Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño, (PIP); por conducto de su Comisionado Electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador, (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>Recurridos | **Núm.** CT-2016-15 | |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 31 de octubre de 2016

Disiento del curso trazado por la mayoría. Durante estos pasados años, los miembros de esta mayoría que hoy permite que este litigio continúe en el foro de instancia, a pesar de que claramente ese tribunal carece de jurisdicción, han repetido, cual monje tibetano, el mantra de que *"cuando el texto de la ley es claro, hay que respetar su contenido"*. La reiteración de tal expresión choca frontalmente con el curso de acción que hoy validan.

El Art. 4.001 de la *Ley electoral*, 16 LPRA sec. 4031, al referirse al proceso para revisar un dictamen de la Comisión

Estatal de Elecciones dispone que, "[d]entro de los treinta (30) días anteriores a una elección el **término para presentar el escrito de revisión será de veinticuatro (24) horas. La parte promovente tendrá la responsabilidad de notificar dentro de dicho término copia del escrito de revisión a la Comisión y a cualquier otra parte afectada"** (énfasis nuestro). El Partido Nuevo Progresista en su escrito ante este Tribunal **no rebate** que incumplió con este término. En su lugar, elucubra teorías arteras de cómo se debe interpretar este artículo para que diga lo que no dice. Este incumplimiento priva al foro de instancia de jurisdicción para atender el asunto. Recuérdese que, en reiteradas ocasiones, este Tribunal ha dispuesto que "[l]a ausencia de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni éste puede adjudicársela". *Maldonado v. Junta de Planificación*, 117 DPR 46, 55. Véase, además, *Rodríguez Rivera v. De León Otano*, 191 DPR 700, 707 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

El artículo en cuestión contiene un solo término, **el de 24 horas.** Claramente la ley dice que ese término es tanto para acudir en revisión como para notificar a la parte afectada. Así de sencillo. La mayoría de este Tribunal parece concluir otra cosa.[1]

---

[1] El razonamiento que hizo constar el Juez Asociado señor Martínez Torres para denegar la moción urgente de desestimación en este caso me parece, como poco, innovador. La tesis propuesta supone que el término de veinticuatro (24) horas del Artículo 4.001 de la *Ley electoral* sufre de un trastorno de identidad *disociativo* (*multiple personality disorder*) que, a conveniencia, se desdobla. En ocasiones, el término es jurisdiccional y, en otras, resulta ser de

Hace apenas unos días, cinco para ser exacta, el Partido

Popular Democrático presentó ante este Tribunal un recurso de

*certiorari* en el caso *Luis A. Rodríguez Aponte (Comisionado*

*Electoral) v. Comisión Local de Elecciones de Las Marías*

*Precinto 034*, CC-2016-1017. En el recurso se cuestionaba la

validez de unas recusaciones de domicilio de miembros del

Partido Popular. Correctamente lo desestimamos porque el

Partido Popular incumplió con notificar el recurso dentro del

---

cumplimiento estricto. Considero este proceder poco riguroso.

Reitero una obviedad, los términos jurisdiccionales no son prorrogables. Véase *J. Exam. Tec. Med. V. Elias et al.*, 144 DPR 141, 495 (1997); *Aponte v. Policía de P.R.*, 142 DPR 75 (1996). Una vez clasificado un término como jurisdiccional, y en ausencia de disposición legal en contrario, las acciones para cumplir con tal término, ya sean presentar un recurso o notificar el mismo, no modifican lo que ya ha sido caracterizado como jurisdiccional. Ya que el Artículo 4.001 dispone **un término único** en el que se tienen que realizar múltiples actos -entiéndase, la presentación y la notificación del recurso de revisión judicial, no cabe el desdoblamiento propuesto.

Por otro lado, aun si para fines de la argumentación aceptáramos que el término de notificar es de cumplimiento estricto, cabe resaltar que, tanto ante el Tribunal de Primera Instancia como ante este Foro, la parte peticionaria no solicitó "prorrogar" el término de notificación y tampoco presentó justificación alguna para incumplir con éste. Como sabemos, un término de cumplimiento estricto lo que supone es que la parte puede incumplirlo si logra comprobar a satisfacción del tribunal, que hubo justa causa para el incumplimiento. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013); *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Es meritorio señalar que "[e]l poder para ejercer tal discreción [a saber, prorrogar el término de cumplimiento estricto] surge sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. En ausencia de tales circunstancias, dicho tribunal carece de discreción para prorrogar el término y, por ende, acoger el recurso". *Bco. Popular de P.R. v. Mun. De Aguadilla*, 144 DPR 651, 657 (1997).

Señalar que el juez de instancia, cuando emitió una orden para calendarizar los procesos en su sala de recursos extraordinarios lo que hizo fue prorrogarle al peticionario el término para notificar la solicitud de revisión a la otra parte, es a mi juicio, poco prudente. Adviértase que la propia Orden del foro de instancia se emite "a tenor con el Artículo 4.001 del Código Electoral de Puerto Rico". *Orden del Juez Superior Ángel R. Pagán Ocasio*, emitida el 27 de octubre de 2016. A todas luces, la explicación de lo ocurrido se revela como un malabarismo jurídico. Quien está prorrogando el término es la interpretación acomodaticia de este Tribunal.

término de 24 horas que provee nuestro Reglamento para estos casos.[2] ¡Uno de los factores que evaluamos al tomar nuestra decisión fue el Art. 4.001 de la *Ley electoral*, que utiliza el mismo lenguaje! Consideramos,

precisamente, que por motivo de la proximidad de las elecciones generales del 8 de noviembre de 2016, los tribunales disponemos de términos cortos para resolver este tipo de recursos.

¿Ayer sí, hoy no?

Anabelle Rodríguez Rodríguez
Juez Asociada

---

[2] Por otro lado, me parece desatinado que el Juez Asociado señor Martinez Torres desacredite en sus expresiones la analogía que hicieran varios miembros de este Tribunal con este caso. En concreto, el Juez Asociado sugiere que dicho caso es distinguible a los hechos ante nuestra consideración porque el término no se había prorrogado. No obstante, ello me parece inconsecuente debido a que el recurso de *certiorari* se desestimó por **no haber sido notificado dentro del término jurisdiccional correspondiente**. Según comenté anteriormente, el término jurisdiccional aplicable en *Luis A. Rodríguez Aponte*, al igual que en este caso, no podía ser prorrogado.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Aníbal Vega Borges, en su capacidad oficial como Comisionado Electoral del Partido Nuevo Progresista<br><br>Peticionario<br><br>v.<br><br>Liza García Vélez, en su capacidad oficial como Presidenta de la Comisión Estatal de Elecciones; Guillermo San Antonio Acha, en su capacidad oficial como Comisionado Electoral del Partido Popular Democrático; Partido Independentista Puertorriqueño (PIP), por conducto de su Comisionado Electoral Sr. Roberto I. Aponte Berríos; Partido del Pueblo Trabajador (PPT), por conducto de su Comisionado Electoral Dr. José F. Córdova Iturregui<br><br>Recurridos | **CT-2016-0015** | Certificación Intrajurisdiccional |

Voto Particular Disidente emitido por el Juez Asociado señor **FELIBERTI CINTRÓN**, al cual se unen la Jueza Presidenta **ORONOZ RODRÍGUEZ** y el Juez Asociado señor **COLÓN PÉREZ**

En San Juan, Puerto Rico, a 31 de octubre de 2016.

El pasado viernes, 28 de octubre de 2016, emitimos una Resolución expidiendo el recurso de epígrafe. Inconforme, en horas de la tarde del sábado, 29 de octubre de 2016, el Comisionado Electoral del Partido Popular Democrático, Lcdo. Guillermo San Antonio Acha, presentó una *Moción Urgente de Desestimación por Falta de Jurisdicción del*

*Tribunal y, en la Alternativa, Solicitud de Orden Aclaratoria sobre Consolidación* (**Moción Urgente**).[3] Por entender que, efectivamente, el recurso de revisión presentado por la parte aquí peticionaria ante el Tribunal de Primera Instancia, objeto del presente recurso de certificación intrajurisdiccional, <u>no</u> fue notificado a las otras partes conforme a Derecho y por ende <u>no</u> fue perfeccionado debidamente, <u>respetuosamente disiento de la determinación de la mayoría de este Tribunal denegando la solicitud de desestimación del recurso de epígrafe</u>. Veamos.

El miércoles, 26 de octubre de 2016, en horas de la tarde, la Lcda. Liza M. García Vélez, Presidenta de la Comisión Estatal de Elecciones (**CEE**), emitió una *Resolución* atinente a unas apelaciones de solicitudes de voto adelantado de electores con impedimentos de movibilidad (encamados). Posteriormente, en horas de la noche de ese mismo día, la Presidenta de la CEE notificó una *Resolución Enmendada* de la misma.[4]

---

[3] Véase también la *Moción de Desestimación* presentada ante nos por el Comisionado Electoral del Partido del Pueblo Trabajador, Dr. José Córdova Iturregui, en horas de la tarde del domingo, 30 de octubre de 2016.

[4] Aunque dicha *Resolución Enmendada* aparenta haber sido notificada a las partes a las 8:31 p.m. del miércoles, 26 de octubre de 2016 (véase la página 27 del Apéndice que acompaña la *Moción Urgente de Desestimación por Falta de Jurisdicción del Tribunal y, en la Alternativa, Solicitud de Orden Aclaratoria sobre Consolidación* (**Moción Urgente**) presentada por los recurridos), las partes parecen estar de acuerdo en que la misma fue notificada a las 9:07 p.m. del día 26. Véase la pág. 5 del Apéndice de la Moción Urgente, al igual que la página 2 del *Urgente Recurso de Revisión Electoral* presentado ante el Tribunal de Primera Instancia por la parte aquí peticionaria. No obstante, el que se haya notificado a las 8:31 p.m. o a las 9:07 p.m. del 26 de octubre no tiene consecuencia alguna ya que, como veremos más adelante, lo importante es que la *Resolución Enmendada* en cuestión le fue notificada a las partes el 26 de octubre de 2016, por lo que el término de veinticuatro (24) horas en controversia venció en algún momento del jueves, 27 de octubre de 2016.

De acuerdo al Art. 4.001 de la Ley Electoral del Estado Libre Asociado de Puerto Rico (**Ley Electoral**), 16 LPRA sec. 4031 (2012) (**Art. 4.001**), y dado a que nos encontramos dentro de los treinta (30) días anteriores a un evento electoral, la parte que no estuviera conforme con la determinación de la CEE disponía de un término de veinticuatro (24) horas para <u>presentar</u> un escrito de revisión judicial ante el Tribunal de Primera Instancia **y** <u>notificarle</u> a la CEE y a las demás partes el mismo.

Específicamente, el Art. 4.001 dispone, en lo pertinente:

> Dentro de los treinta (30) días anteriores a una elección **el término para presentar el escrito de revisión será de veinticuatro (24) horas**. La parte promovente tendrá la responsabilidad de **notificar dentro de dicho término** copia del escrito de revisión a la Comisión y a cualquier otra parte afectada. (Énfasis suplido).

Del texto de la disposición estatutaria arriba citada surge claramente que la parte cuenta con un único término de veinticuatro (24) horas para presentar y notificar su escrito. Lo anterior avalado por la norma de hermenéutica legal firmemente arraigada en nuestro ordenamiento jurídico que dispone que "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art. 14 del Código Civil de Puerto Rico, 31 LPRA sec. 14 (2015).

Por otro lado, aunque el Art. 4.001 no indica que el término de veinticuatro (24) horas para la notificación del

recurso de revisión es jurisdiccional,**5** aun si consideramos que dicho término es de cumplimiento estricto, corresponde a la parte peticionaria mostrar "justa causa" para no haber cumplido con el mismo. Recordemos que

> [e]n el caso de los términos de cumplimiento estricto, nuestra jurisprudencia es clara en que los tribunales podrán eximir a una parte de observar su cumplimiento si están presentes dos (2) condiciones: *(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. […] En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto.* (Énfasis en el original y cita y comillas omitidas). Soto Pino v. Uno Radio Group, 189 DPR 84, 93 (2013).

Al remitirnos a los hechos ante nuestra consideración, no está en controversia que el recurso de revisión en cuestión fue presentado por la parte peticionaria ante el Tribunal de Primera Instancia el jueves, 27 de octubre de 2016 a las 12:57 p.m., por lo que, conforme a la disposición legal anteriormente indicada, el mismo fue sometido oportunamente dentro del término de veinticuatro (24) horas provisto en la Ley Electoral.

Tampoco está en controversia que dicho recurso no fue notificado a las partes sino hasta el próximo día luego de su presentación; es decir, el viernes, 28 de

---

**5**    Véanse, por ejemplo, Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403-405 (2012).

octubre de 2016. Al respecto, la parte aquí peticionaria no ha acreditado que el recurso de revisión en cuestión se le notificó a las otras partes dentro de las veinticuatro (24) horas siguientes a la notificación de la *Resolución Enmendada* de la CEE en controversia, o que tuvo justa causa para no hacerlo. Por el contrario, la parte recurrida nos presentó prueba de que, efectivamente, la notificación del recurso de revisión presentado ante el Tribunal de Primera Instancia ocurrió pasadas dichas veinticuatro (24) horas, es decir, luego del jueves, 27 de octubre de 2016. Véase, la página 5 de la Moción Urgente, así como la página 73 del Apéndice de dicha moción, de donde se desprende el recibo del recurso de revisión por parte de la CEE a las 9:57 a.m. del viernes, 28 de octubre de 2016. Véase, también, el párrafo 38 a la página 12 de la *Moción en Oposición a Desestimación y Acreditando Notificación del Comisionado Electoral del PNP*, donde la parte aquí peticionaria admite haber notificado el recurso de revisión a las otras partes entre las 9:30 a.m. y 10:00 a.m. del viernes 28 de octubre de 2016.

Como consecuencia, la parte peticionaria falló en su deber de demostrar que el recurso de revisión presentado ante el foro primario y del cual se acude ante nos mediante el presente recurso de certificación intrajurisdiccional fue, no sólo presentado, sino igualmente notificado a las otras partes dentro del término de veinticuatro (24) horas dispuesto por ley.

Sólo de dicho modo se hubiese podido concluir que el recurso de revisión en cuestión fue perfeccionado debidamente conforme a Derecho.

De otra parte, tampoco acreditó la existencia de justa causa para no haber notificado su recurso de revisión dentro de las veinticuatro (24) horas de haberse emitido la *Resolución Enmendada* por la CEE, según dispuesto en la Ley Electoral.  Por consiguiente, a falta de justa causa y aun asumiendo que dicho término es de cumplimiento estricto, tanto el Tribunal de Primera Instancia como este Foro carecemos de discreción para prorrogarlo.[6]

Le corresponde a las partes perfeccionar los recursos que se presentan ante los tribunales de conformidad con las leyes, los reglamentos y la jurisprudencia existente.  Independientemente de los méritos que pudiera o no tener el asunto presentado ante nos, los acontecimientos antes relatados no admiten otra conclusión que no sea que procede desestimar el recurso de revisión presentado ante el foro primario, objeto del recurso de epígrafe, por no haberse perfeccionado debidamente conforme a Derecho.[7]  Procede, igualmente, conceder la Moción Urgente presentada por los recurridos y anular el auto del recurso de epígrafe, según

---

[6]   Soto Pino v. Uno Radio Group, *supra*, págs. 94-97.

[7]   Véase, por ejemplo, Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975) ("Los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante [los tribunales].  Nos proponemos exigir celosamente que así se haga.").

expedido en horas de la noche del pasado viernes, 28 de octubre de 2016.[8]  Por dichas razones, respetuosamente disiento de la determinación tomada por una mayoría de este Tribunal en relación a este asunto.


                                    ROBERTO FELIBERTI CINTRÓN
                                         Juez Asociado

---

[8]     Cabe señalar que el hecho de que el Juez Superior Ángel R. Pagán Ocasio haya emitido una Orden el 27 de octubre de 2016 a las 4:26 p.m., señalando vista para el próximo día, viernes, 28 de octubre de 2016 a la 1:30 p.m. en el recurso de revisión en cuestión, e instruyendo a la parte aquí peticionaria que "diligencia[ra] a las partes indispensables la […] orden junto con copia de la solicitud de revisión de conformidad a lo prescrito en la Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. V R. 4.4", no excusaba a la parte peticionaria de notificar su recurso de revisión a las otras partes dentro del término de veinticuatro (24) horas provisto por la Ley Electoral, según arriba indicado.  Cabe mencionar, además, que al momento del Juez Pagán Ocasio emitir dicha Orden, la parte peticionaria contaba todavía con el resto del día 27 para notificarle su recurso a las otras partes dentro del término de veinticuatro (24) horas antes dispuesto y, aun así no lo hizo, sin proveer justa causa para su proceder.  De hecho, nada impedía que la parte aquí peticionaria le hubiera notificado por fax o correo electrónico el recurso de revisión a las demás partes, y posteriormente las emplazara con copia de la Orden del foro primario y del recurso, en estricto cumplimiento con los términos de dicha Orden.  Véanse las Reglas 67.1 y 67.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V (2010).