Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EMMANUEL FUENTES ENRÍQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202300590 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre:<br>Solicitud de Incentivo Federal<br><br>Caso Número:<br>GMA1000-226-23 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2024.

El recurrente, el señor Emanuel Fuentes Enríquez, comparece ante nos para que dejemos sin efecto la determinación notificada por el Departamento de Corrección y Rehabilitación (Departamento), el 6 de octubre de 2023. Mediante la misma, el referido organismo le informó al recurrente que no tenía acceso a ninguna información sobre el incentivo económico federal por el COVID-19 por él solicitado.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

**I**

Surge del relato del recurrente que, el 14 de septiembre de 2021, mientras se encontraba recluido en la institución Guayama 1,000, llenó una solicitud para recibir el incentivo federal por el COVID-19. Alegadamente, ante la dilación de recibir el incentivo

Número Identificador

RES/SEN2024_____

federal, presentó una solicitud administrativa en la referida institución en la cual inquirió sobre el mismo.[1]

Según expone, el 14 de septiembre de 2023, luego de ocurrir un incidente en la institución, fue trasladado a Bayamón 292.

Consta del escrito que, el 6 de octubre de 2023, el Superintendente del área concernida respondió al reclamo que el recurrente, presuntamente, instó en la institución de Guayama. Mediante el referido dictamen, le explicó al señor Fuentes Enríquez que en la institución de Guayama no tenían acceso a ninguna información respecto a su solicitud de incentivo federal, y que el Departamento de Hacienda tampoco se las podía proveer. A su vez, le indicó al recurrente que debía acudir a cualquier recurso que tuviese disponible para reclamar sus beneficios.[2]

Inconforme, el 31 de octubre de 2023, el recurrente suscribió el recurso de revisión administrativa que hoy nos ocupa.[3] En el mismo, planteó que era inconstitucional que a un convicto bajo la tutela del Estado Libre Asociado no se le haya otorgado el incentivo federal reclamado.

En respuesta, el 3 enero de 2024, el Departamento presentó su posición al recurso. En el escrito, nos solicitó la desestimación del mismo. En esencia, planteó que no se observaron con rigor las disposiciones reglamentarias que regulan el perfeccionamiento de los recursos. Particularmente, indicó que el apéndice del presente caso estaba incompleto, puesto que no se incluyó la solicitud de remedio presentada ante la agencia, entre otras cosas.

Luego de examinar el expediente que nos ocupa, y contando con la postura del Departamento, procedemos a expresarnos.

---

[1] El señor Fuentes Enríquez no incluyó en su escrito la fecha en la que alegadamente presentó el referido reclamo.

[2] Véase, Respuesta del Área Concernida/Superintendente.

[3] Precisa señalar que, el 17 de julio de 2023, el recurrente acudió ante esta Curia con similar reclamo (KLRA202300409), el cual fue desestimado por falta de jurisdicción.

**II**

**A**

Sabido es que todo ciudadano que prosiga una causa en alzada está en la absoluta obligación de perfeccionar su recurso conforme a los preceptos legales y reglamentarios que le sean aplicables, de manera que provea para el cabal ejercicio de nuestras funciones de revisión. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 568-569 (2000). Lo anterior encuentra arraigo en la premisa que establece que "[l]a marcha ordenada de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico," por lo que las normas que rigen el trámite apelativo de las causas judiciales deben ser observadas con fidelidad. *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Conforme reconoce el estado de derecho vigente, el alegato constituye el instrumento por el cual el Tribunal de Apelaciones puede aquilatar y justipreciar los argumentos de quien acude a su auxilio. *Morán v. Martí,* 165 DPR 356, 366-367 (2005). El incumplimiento de los requisitos exigidos para su contenido imposibilita que el recurso se perfeccione a cabalidad. Lo anterior redunda en privar al tribunal intermedio de autoridad para atender el asunto que se le plantea, puesto que dicha comparecencia se reputa como un breve y lacónico anuncio de una intención de apelar. *Íd.,* pág. 366. Nuestro estado de derecho, en aras de garantizar a las partes su día en corte, exige el cumplimiento cabal de los trámites contemplados por ley y reglamento respecto al perfeccionamiento de los recursos en alzada. *Soto Pino v. Uno Radio Group,* supra; *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). Únicamente así los tribunales apelativos estarán en posición tal que les permita emitir un pronunciamiento justo y correcto, a la luz de un expediente completo y claro. Por tanto, la

inobservancia de los mismos da a lugar a la falta de jurisdicción del foro intermedio. *Soto Pino v. Uno Radio Group,* supra; *Matos v. Metropolitan Marble Corp.,* supra. De igual forma, a tenor con ello, el ordenamiento jurídico reconoce que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003).

En lo pertinente, la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Sección 4.2, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, 3 LPRA sec. 9672. En atención a dicho trámite, la Regla 59 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59, establece los requisitos que validan la suficiencia del contenido de un recurso de revisión judicial:

**Regla 59- Contenido del recurso de revisión**

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante

el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

> (a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.
>
> (b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.
>
> (c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.
>
> (d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.
>
> (e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.
>
> (f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.
>
> […].

**B**

Por su parte, conforme dicta nuestro estado de derecho, los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. *Oficina de Ética Gubernamental v. Santini Padilla,* 209 DPR 332, 339 (2022); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *JMG Investment, Inc. v. ELA,* 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. MCS Advantage, Inc. v. Fossas Blanco,* 2023 TSPR 8, 211 DPR \_\_\_ (2023); *Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660.

**C**

Finalmente, precisa señalar que en virtud de las disposiciones contenidas en la LPAUG, *supra,* la autoridad conferida al Administrador de Corrección por la Ley Núm. 116 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1101 *et seq,* conocida como la Ley Orgánica de la Administración de Corrección, y conforme al Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, se adoptó el Reglamento para Atender Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015.

El objetivo principal del Reglamento Núm. 8583, *supra,* es que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual

pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, y para evitar o reducir la radicación de pleitos en los tribunales de justicia. La solicitud de remedio se define como un recurso que presenta un miembro de la población correccional por escrito, de **una situación que afecte su calidad de vida y seguridad, relacionado a su confinamiento**. Regla IV (24) del Reglamento Núm. 8583, *supra*. La División de Remedios Administrativos del Departamento de Corrección y Rehabilitación tendrá jurisdicción, entre otras cosas, para atender toda solicitud de remedio radicada por los miembros de la población correccional relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o plan institucional. Regla VI (1) del Reglamento Núm. 8583, *supra*.

Así, el Evaluador de la solicitud de remedio tiene la facultad de desestimar aquellas solicitudes que no conlleven remediar la situación de confinamiento de la persona sumariada. *Íd.*, Regla XIII (5) (g) y (5) (j).

**III**

Al examinar el expediente de autos, no podemos sino resolver que el mismo incumple con los criterios reglamentarios dispuestos para su cabal perfeccionamiento. Su contenido se limita a una exposición de los hechos acontecidos y a los trámites, alegadamente, efectuados ante el organismo, todo sin prueba documental que acredite los mismos. Peor aún, el recurso de autos no contiene una copia del reclamo original que se hizo ante el organismo recurrido. Además, el recurrente no señaló los errores que, a su juicio, cometió la agencia recurrida, ni los discutió, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

Las faltas reglamentarias antes advertidas inciden sobre el efectivo ejercicio de nuestras funciones de revisión. Las mismas nos impiden, no solo conocer los pormenores del reclamo que se nos plantea, sino, también, el alcance del ejercicio adjudicativo desplegado por el organismo y los términos de nuestra autoridad para intervenir en el asunto. Siendo así, dado a que no contamos con un recurso de revisión judicial debidamente perfeccionado, estamos impedidos de asumir jurisdicción sobre sus méritos.

Por otra parte, conforme expusimos anteriormente, las solicitudes de remedios que se pueden presentar ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación son aquellas relacionadas al confinamiento. El reclamo del recurrente sobre el incentivo económico federal por el COVID-19 no se relaciona a su bienestar físico, mental, seguridad personal o plan institucional.

Así, pues, concluimos que no ostentamos jurisdicción para entender sobre el escrito presentado.

Sin embargo, sugerimos al Departamento de Corrección y Rehabilitación a proveerle al señor Fuentes Enríquez la documentación necesaria para que le sea posible llevar su reclamo al Departamento de Hacienda, quien es el organismo competente.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal.

La Juez Grana Martínez disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones