ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| IRIS A. SANTANA BÁEZ **RECURRENTE** v. JOSÉ M. GONZÁLEZ APONTE, IDALIS OCASIO LOZADA **RECURRIDA** DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO, OFICINA DE GERENCIA DE PERMISOS **AGENCIA RECURRIDA** | KLRA202400039 | Revisión administrativa procedente del Departamento de Desarrollo Económico y Comercio, Oficina de Gerencia de Permisos Caso Núm. 2023-508116-SDR-013383 Sobre: CONSULTA DE CONSTRUCCIÓN DE OBRAS |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de febrero de 2024.

La recurrente, Iris A. Santana Báez, mediante un recurso de revisión administrativa, nos solicita que revoquemos una *Resolución* emitida por la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos (OGPe) del 27 de diciembre de 2023.

El 31 de enero de 2024, los recurridos, José M. González Aponte e Idalis Ocasio Lozada, presentaron su oposición, en conjunto con una solicitud de desestimación. Igual ruego presentó OGPe mediante una *Moción de Desestimación.*

Los hechos que permiten entender el curso de acción que hoy tomamos se incluyen a continuación.

**I.**

El 1 de febrero de 2023, la recurrente sometió a la consideración del Departamento de Permisos Urbanísticos del Municipio de Carolina una Consulta sobre Construcción para la edificación de una nueva marquesina, una escalera para acceso al

Número Identificador

SEN2024_____

techo en el patio lateral derecho y la legalización de ampliaciones hacia el patio delantero y patio posterior de su residencia. El 10 de agosto de 2023, la mencionada consulta fue autorizada.

Inconformes, el 29 de agosto de 2023, el señor González Aponte y la señora Ocasio Lozada, vecinos de la recurrente, presentaron un *Recurso de Revisión* ante la División de Revisiones Administrativas de la OGPe. Plantearon que conforme al Art. 9.8 de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley 161-2009, 23 LPRA sec. 9019(g),[1] la señora Santana Báez tenía que notificarle a todos los colindantes de su propiedad sobre la consulta de construcción. Indicaron que la propiedad de la recurrente colindaba con seis (6) propiedades. Sin embargo, esta, únicamente, notificó la referida consulta a tres (3) de sus vecinos, Luis Escobar, Luis Carrasquillo y José González. Los vecinos a los cuales, alegadamente, no le notificó eran: Nancy A. Pérez Feliz, Dorys A. Fermín Martínez y Gerardo Arroyo Ortiz. En virtud de lo anterior, solicitaron al referido organismo que revocara la autorización de la consulta de construcción.

El 23 de octubre de 2023, la señora Santana Báez solicitó que se desestimara el recurso de revisión instado por los recurridos. Alegó, esencialmente, que notificó la consulta de construcción a todos los colindantes de su propiedad.

Evaluadas las posturas de las partes, el 27 de diciembre de 2023, el organismo recurrido declaró *Ha Lugar* la revisión administrativa. Basó su determinación en que la recurrente no

---

[1] Salvo por los permisos ministeriales, el solicitante notificará sobre la presentación de una solicitud de permiso a los colindantes inmediatos de la propiedad donde se propone la acción y el término dentro del cual el solicitante presentará evidencia a la Oficina de Gerencia de Permisos o Municipios Autónomos con Jerarquía de la I a la V, según corresponda, de haber realizado dicha notificación, el cual se establecerá mediante reglamento. Dicha notificación se hará mediante correo certificado con acuse de recibo o mediante cualquier otro mecanismo que se determine por reglamento en aquellos casos en que la dirección postal de dichos colindantes no sea accesible al solicitante. En casos de propiedades adyacentes a vías de tránsito, caminos, servidumbres, cuerpos de agua o que sean de dominio público, se notificará al propietario al otro lado de la vía de tránsito, camino, servidumbre o cuerpo de agua.

notificó la mencionada consulta a todos los colindantes de su propiedad dentro de los cinco (5) días siguientes a la radicación de la solicitud, según requería la Sección 2.2.2.2 del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios de 2 de diciembre de 2020 (Reglamento Conjunto de 2020). Por otra parte, señaló que la señora Santana Báez no cumplió con presentar una lista certificada de colindantes, según disponía la Sección 2.1.9.2 del referido cuerpo reglamentario. Así, pues, la agencia solicitó que se le notificara de la determinación a las partes. Entre la lista de personas a notificar se encontraban Nancy Pérez, Doris A. Fermín Martínez, Luis Carrasquillo y Gerardo Arroyo Ortiz.[2]

En desacuerdo, el 26 de enero de 2024, la señora Santana Báez acudió a esta Curia mediante un escueto recurso de 4 páginas. Este adolece de un apéndice que nos permita acreditar nuestra jurisdicción o conocer una relación fiel y concisa de los hechos procesales e importantes y pertinentes del caso, así como la discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables. En su recurso, certificó que notificó copia fiel y exacta del escrito a las personas siguientes:

1. Los recurridos por conducto de la Lcda. Ileana Fontánez Fuentes,

2. El Departamento de Permisos Urbanísticos del Municipio Autónomo de San Juan,

3. Luis Antonio Escobar, y

4. La OGPe.

El 30 de enero de 2024, la recurrente presentó una solicitud, para que este Tribunal admitiera un escrito de revisión administrativa enmendado.[3] En la misma, reconoció que el anterior

---

[2] Apéndice 3 del recurso, pág. 54.
[3] Adelantamos que la misma se tiene por no puesta, toda vez que el término para la presentación de un recurso de revisión administrativa es uno jurisdiccional.

escrito no cumplió con las formalidades requeridas por el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La referida solicitud y el recurso enmendado fueron notificados a las mismas personas a quienes se les había informado sobre la presentación del recurso inicial, o sea, a los recurridos por conducto de la Lcda. Ileana Fontánez Fuentes, al Departamento de Permisos Urbanísticos del Municipio Autónomo de San Juan[4], Luis Antonio Escobar y la OGPe.[5]

El 31 de enero de 2024, el señor González Aponte y la señora Ocasio Lozada solicitaron la desestimación de este recurso. Plantearon que la recurrente, nuevamente incurrió en el error de no notificar a todas las partes del mismo. Puntualizaron que no le notificó el recurso de revisión administrativa a: Nancy Pérez, Doris A. Fermín Martínez, Gerardo Arroyo Ortiz y Luis Carrasquillo, quienes son parte del trámite administrativo ante OGPe.

Posteriormente, el 9 de febrero de 2024, la OGPe presentó una *Moción de Desestimación,* en la cual indicó que se unía a los planteamientos y a la solicitud presentada por la parte recurrida.

Luego de evaluar detenidamente el expediente ante nuestra consideración, nos disponemos a esbozar la doctrina jurídica aplicable.

**II.**

**A. Notificación a las partes**

El Tribunal Supremo ha sido enfático en que los abogados están obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998); *Matos v. Metropolitan Marble*

---

[4] Asumimos que la notificación al Municipio de San Juan fue un error tipográfico y a quien notificó, lo es el Municipio de Carolina.

[5] Véase, *Solicitud de que el Tribunal Admita Solicitud de Revisión Administrativa Enmendada*, pág. 2; y *Solicitud de Revisión Enmendada*, pág. 6.

*Corp.*, 104 DPR 122, 125 (1975). En cuanto al requisito de notificación de la presentación de un recurso a la parte adversa, constituye un requerimiento ineludible para el perfeccionamiento adecuado del mismo, ya que su objetivo es colocar a la parte contraria en conocimiento del recurso en el cual se solicita la revisión de una decisión de un tribunal de menor jerarquía. *Metro Senior v. AFV*, 209 DPR 203, 209 (2022); *Soto Pino v. Uno Radio Group*, supra, pág. 90.

En lo pertinente, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), Ley Núm. 38-2017, establece que:

> "[u]na parte adversamente afectada por una orden o resolución final de una agencia [...] podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta días (30) días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia [...]".

3 LPRA sec. 9672.

Ahora bien, uno de los requisitos que establece el referido estatuto para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones es que la parte recurrente notifique su presentación a la agencia y a todas las partes dentro del término para solicitar revisión. *Íd.* Igualmente, la Regla 58(B)(1) del Tribunal de Apelaciones, reitera que la parte recurrente de una decisión administrativa tiene que notificar su escrito de revisión dentro del término para presentar el recurso. 4 LPRA Ap. XXII-B, R. 58. La notificación deberá ser remitida a los de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo de cuyo dictamen se recurre. *Metro Senior v. AFV*, supra, pág. 209.

El Art. 13.2 de la Ley y para la Reforma del Proceso de Permisos de Puerto Rico, 23 LPRA sec. 9023a dispone que;

> La parte recurrente notificará con copia de la presentación de la solicitud del recurso de revisión de decisión administrativa a todas las partes, incluyendo a la Oficina de Gerencia de Permisos, el Municipio Autónomo con Jerarquía de la I a la V, o el Profesional Autorizado, según aplique, el mismo día de haber presentado el recurso, mediante el procedimiento establecido en la Ley de Procedimiento Administrativo Uniforme. Este requisito es de carácter jurisdiccional.
>
> En el escrito la parte peticionaria certificará al Tribunal de Apelaciones su cumplimiento con este requisito. La notificación podrá hacerse por correo y por cualquier medio electrónico que se establezca por ley o reglamento.

En lo referente a quienes se consideran parte en un proceso administrativo, la Ley 161-2009 refiere a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9601 et seq., para la interpretación de quiénes serán considerados como parte en el proceso. 23 LPRA sec. 9011 (56). Por su parte, la LPAUG y la jurisprudencia interpretativa han expresamente señalado que el concepto incluye:

1. la persona a quien se dirige la acción;

2. la agencia a quien se dirige la acción;

3. el interventor;

4. quien ha presentado una petición para la revisión o el cumplimiento de la orden;

5. la persona designada como tal en el procedimiento, y

6. quien participó activamente durante el procedimiento administrativo, y cuyos derechos y obligaciones pueden verse afectados adversamente por la acción o inacción de la agencia. (Énfasis Omitido).

> Sección 1.3.(k) de la Ley Núm. 38-2017, *supra,* 3 LPRA sec. 9603; *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187-188 (2009).[6]

Es menester señalar que, recientemente, en el contexto de un recurso de revisión administrativa, el Tribunal Supremo afirmó que el requisito de notificar a las partes es de carácter jurisdiccional. *Íd.,*

---

[6] Por su parte, la Ley 161-2019, define quién es parte, según la Ley 38-2017.

pág. 209. Sabido es que los términos jurisdiccionales son fatales, improrrogables e insubsanables. Así, pues, el incumplimiento con la notificación a las partes incide en la jurisdicción del tribunal y acarrea la desestimación del foro apelativo. *Pérez Soto v. Cantera Pérez*, 188 DPR 98, 105 (2013).

### B. Jurisdicción

Como es sabido la jurisdicción es la autoridad o el poder de los tribunales para atender y decidir un caso o controversia. Las cuestiones jurisdiccionales son privilegiadas. Por esa razón, deben resolverse con preferencia. *Metro Senior v. AFV,* supra, págs. 208-209*; Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Los tribunales tienen la responsabilidad indelegable y ministerial de examinar, en primera instancia, su propia jurisdicción. Igualmente están obligados a evaluar la jurisdicción del foro de donde procede el recurso ante su consideración. Los tribunales tienen que ser guardianes celosos de su jurisdicción. La falta de jurisdicción incide sobre el poder adjudicativo de los tribunales. *Metro Senior v. AFV, supra*; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018).

La falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada, (2) las partes no pueden conferirla voluntariamente a un tribunal y este tampoco puede arrogársela, (3) la nulidad del dictamen emitido, (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción, (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento. *Metro Senior v. AFV, supra,* pág. 373. El tribunal que carece de autoridad para atender un recurso solo tiene facultad para así declararlo y desestimar el caso. *Lozada Sánchez Inc. et al. v. JCA,* 184 DPR 898, 909 (2020).

**III.**

Ante el recurso presentado, este foro no ostenta jurisdicción por múltiples razones. Como anticipáramos, el recurso presentado dentro del término jurisdiccional, no incluía un apéndice que nos permitiera acreditar nuestra jurisdicción o conocer una relación fiel y concisa de los hechos procesales e importantes y pertinentes del caso, así como la discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables, que constituyen defectos en el debido perfeccionamiento de un recurso cuyo término de presentación es uno jurisdiccional, fatal o improrrogable. Pero sobre todo vicio del recurso que se nos ha presentado sobresale la ausencia de notificación a las partes por la implicación que la notificación de un recurso tiene, como parte del debido proceso de ley. No hay duda alguna que la parte recurrente omitió notificarle sobre este recurso a Nancy Pérez, Doris A. Fermín Martínez, Gerardo Arroyo Ortiz y Luis Carrasquillo.

Precisa señalar que el organismo recurrido expresamente dispuso en la resolución administrativa que nos ocupa, que las personas mencionadas eran partes en el caso de epígrafe. Este recurso versa, esencialmente, sobre si la recurrente les notificó a dichas partes sobre la consulta de construcción conforme requería el Reglamento Conjunto de 2020.

Según reseñamos, la notificación a las partes constituye un requerimiento jurisdiccional e ineludible para el perfeccionamiento del recurso, por lo que el incumplimiento con el mismo incide en nuestra jurisdicción y acarrea la desestimación del recurso.

**IV.**

Por lo antes expuesto, se desestima el recurso por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones