ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrida<br><br>v.<br><br>**OSVALDO BÁEZ ALICEA**<br><br>Peticionario | KLCE202400274 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Criminal Núm.: **D VI 2011-G0045 y otros**<br><br>Sobre: Art. 106 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de abril de 2024.

Comparece por derecho propio y en forma *pauperis*, mediante *Solicitud de Certiorari*, Osvaldo Báez Alicea (peticionario). Nos solicita que revisemos la sentencia que se encuentra cumpliendo, por ser incompatible con la Constitución de Puerto Rico, Const. ELA [Const. PR], LPRA, Tomo 1.

El 13 de marzo de 2024, este Tribunal emitió una *Resolución* donde le concedió diez (10) días para que la parte peticionaria presentara la determinación objeto de revisión, así como cualquier otro documento que sea relevante a esta. Dicho término expiró el lunes, 25 de marzo de 2024 sin una respuesta por parte de la parte peticionaria.

Como cuestión de umbral, prescindimos de la comparecencia de la parte recurrida con el propósito de lograr el más justo y eficiente despacho y proveer el más amplio acceso al Tribunal a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).

Por los fundamentos que discutimos a continuación, desestimamos el caso de marras por craso incumplimiento con las Reglas de este Tribunal.

I.

El 1 de marzo de 2024, el peticionario presentó la *Solicitud de Certiorari* ante nuestra consideración. En la *Solicitud*, el peticionario nos pide que revisemos la sentencia que extingue de trescientos trece (313) años, dos (2) meses y un (1) día por varias infracciones al Código Penal de 2004, Ley Núm. 149-2004, (33 LPRA sec. 4629 *et seq.*), la Ley de Armas de 2000, Ley Núm. 404-2000, (25 LPRA sec. 455 *et seq.*), la Ley para Establecer Restricciones al Uso de Teléfonos Celulares a Personas Confinadas en las Instituciones Penales de Puerto Rico, Ley Núm. 15-2011, (4 LPRA sec. 1631 *et seq.*) y la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971, (24 LPRA sec. 2101 *et seq.*).[1] Sin embargo, la *Solicitud* no incluye una sentencia de la cual recurre ni documentos que permitan que este Tribunal ausculte su jurisdicción sobre la materia. Únicamente incluye, como Anejo I, una *Hoja de Control Sobre Liquidación de Sentencia.*[2]

II.

Los recursos presentados en el Tribunal de Apelaciones tienen que cumplir con las exigencias de la Ley de la Judicatura de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24 *et seq.*) y el Reglamento del Tribunal de Apelaciones, *supra.* El incumplimiento con estas exigencias tiene como consecuencia la desestimación del recurso apelativo por craso incumplimiento con el Reglamento de este Tribunal. *Íd.*, R. 83(C).

La Regla 34 de este Tribunal dispone que los escritos de certiorari contendrán "[l]a decisión del Tribunal de Primera

---

[1] Apéndice de *Solicitud de Certiorari*, Anejo I, pág. 1.
[2] *Íd.*, págs. 1-2.

Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión, si la hubiere". *Íd.*, R. 34(E)(1)(b). También dispone que debe contener "[c]ualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia". *Íd.*, R. 34(E)(1)(e).

Debemos tener meridianamente claro que, aunque la Ley de la Judicatura de 2003, Ley Núm. 201-2003, (4 LPRA sec. 24 *et seq.*), persigue brindarle a la ciudadanía acceso fácil, económico y efectivo al Tribunal de Apelaciones, esta no equivale a que las partes puedan obviar las normas que rigen la presentación de los recursos. El Tribunal Supremo de Puerto Rico ha resuelto que este precepto es aplicable, aunque las partes comparezcan por derecho propio. *Febles v. Román*, 159 DPR 714, 722 (2003). Recuérdese que en la práctica apelativa las partes vienen obligadas a cumplir fielmente con el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados por el Tribunal, *Matos v. Marble Corp.*, 104 DPR 122, 125 (1975), siendo totalmente impermisible dejar al arbitrio de las partes qué disposiciones deben acatarse y cuáles no. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por ello es doctrina firmemente establecida que el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir de fundamento para la desestimación de un recurso. *Íd.*, pág. 644.

Para que este foro apelativo pueda ejercer informadamente su discreción sobre la expedición de un auto de certiorari, son necesarios los documentos requeridos por la Regla 34 del Reglamento del Tribunal de Apelaciones. Para una correcta evaluación de la decisión recurrida, como en este caso, es requisito

indispensable evaluar la resolución del TPI y sus fundamentos. No puede revisarse la determinación recurrida sin el beneficio de los documentos que no fueron incluidos en el apéndice del recurso de certiorari. No podemos saber si el TPI cometió algún error craso o abusó de su discreción. La falta de la resolución también impide que este Tribunal pueda auscultar su jurisdicción sobre el asunto, puesto que la Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, dispone que "[l]a solicitud de certiorari deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. Este término es jurisdiccional".

### III.

El 13 de marzo de 2024, este Tribunal le concedió a la parte peticionaria el término de diez (10) días para que presentara la resolución de cual se recurre, así como cualquier otro documento que nos ponga en posición para atender el caso en sus méritos. Como consecuencia del incumplimiento del peticionario, este Tribunal no se encuentra en posición para atender los méritos de sus reclamaciones. Todo escrito de certiorari debe cumplir a cabalidad con las exigencias de las Reglas 32, 33 y 34 de este Tribunal, *supra,* Rs. 32, 33 y 34. Como hemos señalado, este requisito les aplica a las partes que comparecen por derecho propio, aunque se encuentren confinadas.

### IV.

Por los fundamentos discutidos, desestimamos la *Solicitud de Certiorari* presentada por el peticionario por craso incumplimiento con el Reglamento de este Tribunal.

Notifíquese a todas las partes. El Departamento de Corrección y Rehabilitación deberá entregar copia de la presente *Resolución* al peticionario en cualquier institución donde se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones