NICOLÁS MATOS Y OTROS, demandantes y recurridos, *v.* METROPOLITAN MARBLE CORPORATION, demandada y recurrente.

*Número:* R-75-250     *Resuelto:* 23 de septiembre de 1975

*Limeres & Odell,* abogados de la recurrente; *Rafael L. Franco García, pro se.*

PER CURIAM: El 9 de junio de 1975 el Tribunal Superior, Sala de Bayamón, dictó sentencia por la que condenó a la Metropolitan Marble Corporation a pagar a los demandantes aquí recurridos $32,000 como indemnización por alegados daños y perjuicios, las costas y $1,500 para honorarios de abogado. La demandada recurrió ante nos en solicitud de

auto de revisión. Alegó que dicha sentencia se dictó luego que el tribunal a quo eliminara sus alegaciones, habiéndose negado a reconsiderar dicho dictamen.

En nota al pie de página en la sentencia del tribunal recurrido se explica en detalle la conducta del abogado Rafael L. Franco García, quien representaba a la demandada, que justificó la acción tomada por el tribunal. Dice así: "El incumplimiento del Lcdo. Rafael L. Franco García, imputable a la demandada, ocasionó la eliminación de sus alegaciones. No compareció a la conferencia con antelación a juicio el 16 de enero de 1975, a la que compareció el abogado de los demandantes. La misma no pudo ser celebrada ante esa incomparecencia inexplicada de dicho letrado. Dispuso el tribunal eliminar las alegaciones de la demandada y señaló el juicio en rebeldía para el 13 de febrero de 1975. Ya antes el Lcdo. Franco García había solicitado se le relevara de la representación legal de la demandada. El tribunal denegó esa solicitud requiriendo para su consideración la dirección de la demandada, no respondiendo absolutamente dicho abogado. El Lcdo. Franco García respondió a esa disposición eliminando las alegaciones meramente que había renunciado la representación de la demandada y entregádole el expediente del caso. En orden posterior del tribunal del 4 de febrero de 1975 aclaró al Lcdo. Franco García que no le había relevado (ni le ha relevado aún de la representación que ostenta en el caso de la demandada) y declaró no ha lugar a la solicitud para que se dejara sin efecto la disposición eliminando las alegaciones. El 13 de febrero compareció por escrito nuevamente el Lcdo. Franco y con evidente demostración de su desatención a las anteriores disposiciones del tribunal volvió a informar de la renuncia que había hecho, con clara abrogación de la facultad que no dispone para quedar relevado del caso. Resolvimos no ha lugar a su nueva solicitud haciendo referencia al Canon 20 de Etica Profesional. Hizo caso omiso no compareciendo al juicio el 20 de marzo de 1975. En esta

fecha intentamos ofrecer una nueva oportunidad a la representación legal de la demandada y pospusimos la vista del juicio a pesar que los demandantes comparecieron anunciando estar debidamente preparados. Fijamos en esta ocasión como penalidad al abogado de la demandada el depósito a favor de los demandantes de $200 como honorarios de abogado, apercibiéndole que quedarían eliminadas sus alegaciones. Respondió mediante su moción del 23 de abril de 1975 igual que lo había hecho antes básicamente, añadiendo que la demandada le adeudaba $5,500 por concepto de honorarios de abogado y que por ello no le representaría en este proceso. Dispusimos finalmente eliminar las alegaciones de la demandada mediante orden del 30 de abril de 1975 contra la cual no se ha instado recurso alguno."

El 7 de agosto de 1975 una Sala de este Tribunal emitió resolución denegando la solicitud de auto de revisión. Dicha solicitud—presentada a instancias de la demandada por otro abogado—no cumplió las exigencias de la Regla 15.1 (b), en relación con la Regla 15 (c) del Reglamento de este Tribunal vigente entonces, al no hacer acompañar su solicitud de copias de los escritos conteniendo las alegaciones de las partes ante el tribunal recurrido.

Se dispuso además en la citada resolución del 7 de agosto que el abogado Franco García mostrara causa por la que no debíamos solicitar de la Procuradora General que investigara su conducta profesional a los fines de tomar la acción disciplinaria que fuera menester, de así ameritarse.

■ La recurrente solicita la reconsideración en cuanto a la parte de nuestra resolución que denegó la solicitud de revisión. Aduce que no creyó necesario incluir copias de las alegaciones con su solicitud porque "lo que tuvo ante su consideración el Tribunal recurrido no era el contenido de dichas alegaciones sino la eliminación de las mismas." De aceptar nosotros esta explicación como justificativa de que no se cumpliera con el claro precepto de nuestro Reglamento,

estaríamos dejando al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo, dependiendo del criterio personal de cada abogado. Los abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante nos. Nos proponemos exigir celosamente que así se haga.

Por otra parte, la recurrente no ha demostrado que no tuviera conocimiento de las razones por las cuales el abogado Franco García se negaba a continuar compareciendo en su representación. Por el contrario, los autos ante nos revelan que tenía conocimiento de la renuncia de Franco García, que la situación entre abogado y parte se había tornado áspera, al extremo de que se hacían reclamaciones monetarias recíprocas y se amenazaban de pleitear entre sí, y que de hecho ya la recurrente había encomendado su caso a otro abogado. *Se declarará sin lugar la solicitud de reconsideración de la recurrente.*

El abogado Franco García, en cumplimiento de la segunda parte de la aludida resolución de 7 de agosto, ha comparecido mediante un extenso escrito, que acompaña de numerosos documentos, y nos convence de que estaba justificado en renunciar la representación de la demandada, que de ello había notificado a su cliente, que la demandada requirió de él que le entregara y él le entregó el expediente de su oficina, y que la demandada no estaba desprovista de representación profesional durante el trámite del caso siguiente a la renuncia del abogado Franco García.

No obstante, el abogado no debió presumir que con la presentación de su moción de renuncia de representación profesional quedó automáticamente desvinculado de su responsabilidad para con el cliente y para con el tribunal. La moción de renuncia de representación es una solicitud al tribunal que propone unas razones para que se admita al abogado desligarse del caso. Necesita la aprobación del tribu-

nal para ser efectiva. El Canon 20 de Etica Profesional es claro al respecto, y preceptúa además lo que el abogado debe hacer para que se haga efectiva su renuncia, y lo que hará luego de que le sea aceptada por el tribunal. Dice así:

"*Canon 20.—Renuncia de Representación Legal*

Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.

Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado."

Quede apercibido el Lic. Rafael L. Franco García de su obligación de observar rigurosamente el citado precepto. Dadas las circunstancias de este caso, y las explicaciones dadas por él, *se dispondrá el archivo del incidente que motivó la segunda parte de nuestra resolución de 7 de agosto de 1975*.

El Juez Asociado Señor Martín concurre en el resultado sin opinión.