# 95 DTA 40

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI - CAGUAS HUMACAO Y GUAYAMA

### COOPERATIVA DE AHORRO Y CREDITO LA MERCED
Demandante

v.

### BELERMA NUÑEZ LOPEZ Y OTROS.
Demandados

v.

### COOPERATIVA DE SEGUROS DE VIDA DE PUERTO RICO

Núm. KLAN-95-00023

San Juan, Puerto Rico, a 29 de marzo de 1995

Panel integrado por su presidente, Juez González Román,
y los Jueces Ortiz Carrión y Segarra Olivero

## TEXTO COMPLETO DE LA SENTENCIA

El 3 de febrero de 1995 se recibió por correo en la Secretaría del Tribunal de Circuito de Apelaciones y procedente de la Secretaría del Tribunal Superior, Sala de Caguas, el original de un escrito de apelación en el caso de epígrafe. El documento fue presentado en el Tribunal Superior de Caguas el 30 de enero de 1995.

La Secretaría del Tribunal de Circuito de Apelaciones se comunicó por teléfono con el abogado de la parte apelante para señalarle que su escrito estaba incompleto, pues le faltaban las cuatro copias reglamentarias. Toda vez que el señalamiento anterior no fue debidamente atendido, el 17 de febrero de 1995 se le envió carta al abogado de la apelante notificándole nuevamente de la deficiencia encontrada en su escrito. No habiéndose corregido el defecto, el asunto fue referido al panel del circuito correspondiente mediante memorando fechado 16 de

marzo de 1995.

El 20 de marzo de 1995 a las 4:49 p.m., sobre treinta días más tarde de la notificación del defecto y 30 días después de la comunicación cursada por escrito por la Secretaría del Tribunal, la apelante, por conducto de su representante legal radicó una Moción Informativa en cuya súplica solicita una de las siguientes alternativas:

*"a. Se nos permita la documentación para sacarle las cuatro (4) copias.*

*b. Se le saque una copia al escrito a costo nuestro por el Tribunal y se nos permita sacarle las otras tres (3) copias.*

*c. Se nos exima de requisito de las copias por ser de los casos referidos por el Tribunal sin el conocimiento que los mismos iban hacer (sic) referidos."*

Nos sorprende sobremanera que se haga una súplica para que sea el propio Tribunal de Apelaciones el que le corrija las deficiencias incurridas por el abogado en la tramitación del caso. Se trata de una actitud de dejadez que el Tribunal no puede permitir ya que es diametralmente contraria al espíritu de nuestro ordenamiento jurídico que descansa en una justicia rápida, efectiva y eficiente.

En la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados en el Tribunal, *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975). Es totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no, *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 659 (1987).

La parte apelante no ha cumplido con las disposiciones de la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones que entró en vigor el 24 de enero de 1995. Dicha regla requiere radicar en la Secretaría del Tribunal de Circuito de Apelaciones el original del escrito de apelación conjuntamente con sus cuatro copias. El apelado no ha demostrado interés en corregir su recurso. Tampoco ha justificado su incumplimiento con la regla aplicable.

En virtud de las disposiciones de la Regla 31 del mismo reglamento, se desestima el recurso de apelación.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General