Negrón Soto, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El peticionario presentó este recurso de certiorari el 18 de octubre de 1995 a las 10:57 A.M. conjuntamente con una Moción en Auxilio de Jurisdicción, la cual ese mismo día se
*1068 declaró No Ha Lugar, ordenándose la continuación de los procedimientos en el Tribunal de Primera Instancia. Al momento que estábamos notificando dicha resolución recibimos dos escritos de los demandados-recurridos, uno en Oposición a Expedición de Auto de Certiorari y otro titulado Moción Urgente Para Solicitar Orden y Disposición Sumaria de Recurso Frívolo.
Se solicitó en este recurso la revocación de una resolución declarando No Ha Lugar una Moción de Sentencia Sumaria, presentada por la peticionaria en instancia. Procede la desestimación de este recurso. Veamos.
En la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados en el tribunal, Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 125 (1975), siendo totalmente impermisible dejar al arbitrio de las partes qué disposiciones reglamentarias deben acatarse y cuáles no. Cardenas Maxán v. Rodríguez, 119 D.P.R. 642, 659 (1987). Por ello es doctrina firmemente establecida que el incumplimiento con los requerimientos establecidos en el reglamento de un tribunal apelativo puede servir de fundamento para la desestimación de un recurso. Id. a la pág. 644. Así han sido apercibidos los abogados por el Tribunal Supremo. In Re: Reglamento del Tribunal Supremo, 116 D.P.R. 670 (670).
En armonía con los principios antes expuestos, señalamos los errores de los que adolece el presente recurso. La Regla 19 del Reglamento del Tribunal de Circuito de Apelaciones dispone en lo pertinente que:

("B) Toda petición de certiorari tendrá enumeradas, en el orden aquí dispuesto las partes siguientes:

2. una referencia a la decisión cuya revisión se solicita, que incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que fue dictada y la fecha en que fue notificada, "(énfasis nuestro).
El peticionario no incluyó en la sección pertinente de su escrito, el nombre y el número del caso en Instancia, según requerido.
Tampoco el peticionario incluyó en su recurso, el modo en que hizo la notificación, en cumplimiento con la Regla 47, Id., la cual dispone que: 
"Regla 47 (A)
La notificación de todo recurso presentado al Tribunal de Circuito de Apelaciones se hará a todas las partes y al Secretario del Tribunal de Primera Instancia. El modo en que tal notificación se efectuó se hará constar en el escrito que se presente al Tribunal de Circuito de Apelaciones." (énfasis nuestro).
Incluir el modo en que notificó a todas las partes en este recurso era de extrema importancia ya que solicitaba como remedio suspender la vista señalada para el día siguiente, 19 de octubre de 1995. De hecho, este recurso que se presentó un (1) día antes de la vista adjudicativa señalada, fue radicado luego de haber transcurrido 26 días de haberse declarado No Ha Lugar la moción de sentencia sumaria presentada por la aquí peticionaria y haberse señalado esa vista.
Tampoco con el escrito de certiorari se acompañó el Indice Legal y el Indice de Materias exigidos en la Regla 38 (B) del Reglamento de nuestro Tribunal ni se enumeraron las páginas del apéndice, según requiere la Regla 36 (A), Id. Más grave aún, es que en el apéndice no se *1069 incluyeron documentos esenciales para poner al tribunal en posición de resolver, y así poder tener todos los elementos de juicio .necesarios. Ello es así ya. que, entre .otros, no se acompañó entre los documentos sometidos, con .el.recurso,..el informe con .antelación al juicio que gobernaba el curso subsiguiente del pleito. Regla 37.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Aunque en atención al cumplimiento con las antes mencionadas disposiciones reglamentarias procedería desestimarse este recurso de conformidad a la Regla 31 (B) (3) del Reglamento nuestro; supra, ya que no fue perfeccionado, entendemos apropiado examinar brevemente sus méritos. De un examen de lo planteado en el mismo surge su frivolidad, como sostienen los demandados-recurridos, ya que el mismo es frívolo y que claramente no presenta ninguna controversia real y sustancial. Es sabido que una moción de "...sentencia sumaria tiene como propósito aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en.los méritos, cuando de los documentos no controvertidos que se acompañan con la solicitud surge que. "no existe una legítima disputa de hecho a ser dirimida,... y sólo resta aplicar el derecho". Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986).
Ello está acorde con lo dispuesto en la Regla 1 de las Reglas de Procedimiento Civil, supra, que dispone que las mismas "se interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento". Ciertamente la celebración de la vista señalada cumple a cabalidad con las normas procesales antes expuestas. El conceder el remedio solicitado conllevaría un flaco cumplimiento con el axioma procesal de la rápida disposición de los recursos, máxime cuando el de epígrafe fue presentado el día antes de la vista. Ello no causa perjuicio alguno al recurrente. 
Como ha expresado nuestro Tribunal Supremo en Rafaela Márquez v. Francisco y Osvaldo Cardona, 95 J.T.S. 128, Rafael Alverio v. Jaqueline Ortiz, 95 J.T.S. 129, y Ramón Cabrera v. Florida Luggage Corp., 95 J.T.S. 130,
"Este ordenamiento exige mayor rigurosidad en la práctica apelativa ante este Tribunal en lo referente a la doctrina vigente sobre frivolidad y temeridad y, la consabida imposición de sanciones u honorarios de abogados."
Por todo lo cual y en virtud de la Regla 31 (B) (2), (3) y (4), supra, se desestima este recurso.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Regístrese y notifíquese.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 274
1. Esta resolución que sólo fue notificada por teléfono dice así:

"En San Juan, Puerto Rico, a 18 de octubre de 1995.

A la Moción Urgente en Auxilio de Jurisdicción No Ha Lugar. Se ordena que continúen los procedimientos ante el Tribunal de Primera Instancia, según pautado.

Notifíquese por teléfono solamente a las partes y al Tribunal recurrido.

*1070
Así lo acordó el Tribunal y lo certifica la Secretaria General."

2. Es de rigor reconocer que aunque no lo incluyó en dicho recurso, ciertamente notificó personalmente o por facsímil a la otra parte, dado el caso en que la misma pudo presentar ante este Tribunal el escrito en Oposición a Expedición de Auto de Certiorari y una Moción Urgente Para Solicitar Orden y Disposición Sumaria de Recurso Frívolo, supra.
3. La presentación tardía de este recurso siguió el mismo patrón de la radicación de la moción de sentencia sumaria, la cual se hizo con diez (10) días de anticipación al juicio originalmente señalado, notificándose por correo ordinario.