Rossy García, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El recurso instado en el caso de epígrafe interesa la revisión y revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, la que fue debidamente archivada en autos y notificada el 3 de julio de 1997. Mediante ésta dicho foro, concluida la presentación de la prueba de los demandantes apelantes, decretó la desestimación de la acción por ellos instada conforme a lo dispuesto en la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 39.2.
Inconformes los demandantes con el referido dictamen, interpusieron el recurso que nos ocupa el 1ro. de agosto de 1997. Considerado como fue el mismo y los fundamentos de revocación invocados, el 12 de septiembre de 1997 emitimos resolución ordenando el perfeccionamiento del trámite conforme a lo dispuesto en la Regla 19 del Reglamento de este Foro, atinente la misma a la elevación de la prueba testifical. En atención a lo ordenado, el 14 de octubre de 1997 comparecieron en autos los apelantes mediante escrito que en forma alguna cumplía con nuestro requerimiento. Ello dio base a que tanto el Municipio apelado como el Procurador General, éste último en representación del Departamento de la Vivienda, presentaran escritos en oposición solicitando una nueva orden requiriendo el cumplimiento del trámite dispuesto en la referida regla. Emitimos así el 14 de noviembre de 1997 resolución reiterándonos en nuestra exigencia de que se observara rigurosamente el trámite reglamentario conducente a la elevación de la prueba. En esta ocasión, apercibimos a las partes sobre la imposición de sanciones para el caso de incumplimiento.
Luego de una serie de incidentes que resulta innecesario reseñar y en ausencia de acuerdo que permitiera alcanzar una exposición estipulada, autorizamos la regrabación de la prueba, ésta como base para que las partes pudieran alcanzar una exposición estipulada. Posteriormente, y a los fines de agilizar el trámite conducente a la elevación de la prueba, autorizamos su transcripción. No fue hasta el 21 de mayo de 1998, es decir, nueve meses luego de la presentación del recurso, que los apelantes sometieron finalmente la transcripción autorizada, dilación que a todas luces respondió al incumplimiento por parte de los apelantes con el trámite claramente dispuesto por las Reglas 54.2 y 54.3 de Procedimiento Civil, supra, R. 54.2 y 54.3. y las Reglas 19 y 20 del Reglamento de este Foro.
Fue en tales circunstancias, y mostrando este Foro liberalidad extrema en relación con el trámite conducente al perfeccionamiento del recurso, que admitimos y le impartimos nuestra aprobación a la transcripción sometida, ello en ausencia de oposición a la misma por parte de los apelados.
*649 El 22 de mayo de 1998 emitimos Resolución a tales efectos. Ordenamos, además, la presentación de los alegatos suplementarios.
Notificada como fue dicha resolución, comparecieron los apelados mediante moción que fue presentada el 2 de junio de 1998, para traer a nuestra atención un nuevo incumplimiento por parte de los apelantes. En esta ocasión se querelló el Procurador General de que el apelante no le había notificado copia de los escritos por él presentados ante este Foro y que dieron base a nuestra resolución previa. Requirió ello un nuevo pronunciamiento de nuestra parte, éste mediante Resolución de 12 de junio de 1998, ordenando la notificación de copia de la transcripción presentada^ apercibiendo de imposición de sanciones para el caso de cualquier nuevo incumplimiento con lo ordenado y dispuesto en la Regla 71(A) del Reglamento del Tribunal, atinente a la notificación de escritos.
Luego de tan accidentado trámite procesal, cuyo resultado ha sido que luego de doce (12) meses de haberse presentado, el recurso todavía no ha quedado perfeccionado, ha comparecido la demandada apelada Municipio de San Sebastián, mediante moción de desestimación que fue presentada el 28 de julio de 1998. En la misma expone, entre otros fundamentos de desestimación, que al examinar ahora-el expediente del foro de instancia se ha percatado que los apelantes dejaron de perfeccionar el recurso conforme a lo dispuesto en la Regla 53.1(b) de Procedimiento Civil y la Regla 14(B) de nuestro Reglamento al no notificar copia del escrito de apelación a la Secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. Con dicha moción sometió una Certificación de la Secretaria del Centro Judicial de Aguadilla, en la que certifica ésta "que no se ha presentado en la [Secretaría del Tribunal] el Escrito de Apelación en el caso de epígrafe". Igual solicitud formuló el Departamento de la Vivienda mediante moción que presentó el 11 de agosto de 1986. Consideradas como fueron dichas mociones y, en particular, dicho fundamento desestimatorio, emitimos Resolución el 14 de agosto de 1998 concediendo a los apelantes un término de diez (10) días para acreditar el cumplimiento con las referidas exigencias reglamentarias. Los apercibimos, además, de desestimación para el caso de incumplimiento.
Con estos antecedentes, han comparecido los apelantes mediante escrito en el que, haciendo total abstracción del trámite dispuesto para el perfeccionamiento del recurso por ellos interpuesto y de su obligación de cumplir con las exigencias reglamentarias aplicables a tales efectos, exponen que los demandados apelados "ya están sometido[s] a este [F]oro y ha[n] hecho alegaciones en el mismo". Argumentan así, con total frivolidad, que los apelados están ahora impedidos de ir contra sus propios actos, es decir, de peticionar la desestimación del recurso. Implícito queda que los apelantes admiten el incumplimiento alegado por los apelados como fundamento desestimatorio.
Considerando ahora las mociones de desestimación presentadas por los apelados a la luz del trámite procesal habido, y en ausencia de controversia en cuanto a que los apelantes dejaron de notificar "copia del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, dentro de los cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación", forzoso resulta concluir que al así proceder incumplieron su obligación de perfeccionar el mismo conforme a lo claramente dispuesto en la Regla 53.1(b) de Procedimiento Civil, supra, R. 53.1(b). De otra parte, dicho término es uno "de cumplimiento estricto", Regla 14(B) del Reglamento del Tribunal de Circuito de Apelaciones. Se trata, pues, de un plazo que no permite desviación alguna del período de cuarenta y ocho (48) horas, a menos que la tardanza ocurrida se justifique a cabalidad, lo que no han hecho los apelantes. Además, se trata de una desviación e incumplimiento tan serio, que permitirlo tendría el efecto de frustrar la finalidad y propósito de tal exigencia en lo que al tribunal de instancia respecta, a saber, poner al foro apelado en conocimiento de la interposición del recurso por el efecto legal que la interposición del mismo genera, así como ponerlo en condición de descargar las obligaciones que la Ley de la Judicatura de 1994, según enmendada, le impone con respecto al trámite conducente al perfeccionamiento de los recursos. Estaríamos, además, ignorando el claro mandato de ley que así lo requiere. En consecuencia, atendido tal incumplimiento por parte de los apelantes en circunstancias donde a esta fecha no han notificado copia del recurso al foro de instancia, según se requiere para su perfeccionamiento, lo que resulta a todas luces injustificable, forzoso resulta resolver que carecemos de discreción para relevar a los apelantes de su obligación. Arriaga Rivera v. F. S. E., *650 Opinión de 18 de marzo de 1998, 98 J.T.S. 28. Basta con señalar que ninguna autoridad tiene este Foro para hacer abstracción e ignorar los mandatos claros y precisos dispuestos por Ley y Reglamento a tales efectos. Banco Popular de Puerto Rico v. Municipio de Aguadillo, 97 J.T.S. 152. Además, y como bien se ha resuelto, "[IJos abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instadoses ante el foro apelativo. Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 125 (1975). No lo han hecho así los demandantes apelantes en el caso que nos ocupa, por lo que nos vemos impedidos de considerar los méritos de su recurso.
Por los fundamentos antes expuestos, se dispone la desestimación del recurso instado en el caso de epígrafe.
Lo acuerda el Tribunal y lo certifica la Secretaria
Aida Ileana Oquendo Graulau
Secretaria General