Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RAFAEL RAMOS MEDINA, ET ALS<br><br>Apelados<br><br>Vs.<br><br>NÉLIDA CORTÉS RAMOS<br>VÍCTOR CORTÉS RAMOS<br><br>Apelantes | KLAN202500056 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Camuy<br><br>Sobre: División de Liquidación de Comunidad de Bienes Hereditarios<br><br>Caso Núm.: CM2020CV00297 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de agosto de 2025.

Comparecen ante nos la Sra. Nélida Cortés Ramos y el Sr. Víctor Cortés Ramos ("parte apelante/demandada"), solicitan la revisión de la *Sentencia* dictada el 16 de diciembre de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Camuy ("TPI"). Mediante dicho dictamen, el aludido foro desestimó sin perjuicio la demanda y la reconvención. Aunque, el 19 de diciembre de 2024 fue presentada una solicitud de reconsideración, la misma fue declara *No Ha Lugar.*[2]

Por los fundamentos que exponemos a continuación, **revocamos** el dictamen apelado. Veamos los fundamentos.

**-I-**

Del recurso sometido y el expediente electrónico en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), surge

---

[1] Notificada el 17 de diciembre de 2024.
[2] Notificada el 20 de diciembre de 2024.

Número Identificador
SEN2025_____

que,[3] el presente caso se originó el **11 de septiembre de 2020** cuando quince (15) herederos ("parte apelada/demandante"),[4] instaron una demanda sobre liquidación de la comunidad de bienes hereditarios de Don Gil Ramos Acevedo.[5] Con la demanda adjuntaron once (11) declaraciones juradas,[6] incluyendo al co-demandante Sr. José Antonio Ramos Medina ("Ramos Medina") en su carácter personal y en representación de tres (3) herederos —la Sra. Milagros Ramos Medina, el Sr. Heriberto Valeriano Cortes Ramos y el Sr. Saturnino Ramos Hernández—.[7]

La parte apelada/demandante alegó que todos los herederos se reunieron y realizaron la liquidación de la herencia en el 1987. No obstante, señaló que no se otorgó la escritura de adjudicación del remanente de la finca, por lo que le solicitó al TPI que emitiera una sentencia declaratoria para que se reconociera ese hecho.

Luego de varios trámites procesales, el **3 de septiembre de 2021** la parte apelante/demandada —son hijos de la finada Sra. María Agustina Ramos Rodríguez y nietos del causante Don Gil Ramos Acevedo— contestaron la demanda.[8] Entre otras cosas, negaron que la herencia de Don Gil Ramos Acevedo hubiera sido liquidada, dado que su madre les había indicado que el caudal permanecía pendiente de liquidación. Así, el **2 de noviembre de 2022** presentaron una *Reconvención.*[9] En síntesis, solicitaron que se ordenara la liquidación de la totalidad del caudal hereditario de

---

[3] De conformidad con la facultad que nos concede la Regla 77 (D) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 107 – 108, 215 DPR __ (2025).

[4] En la demanda figuran como demandantes: el Sr. Rafael Ramos Medina; la Sra. Luisa Ramos Medina; la Sra. Milagros Ramos Medina, la Sra. Milta Cortés Ramos; el Sr. Heriberto Valeriano Cortés Ramos; el Sr. Saturnino Ramos Hernández; el Sr. José Antonio Ramos Medina; la Sra. Olga Iris Ramos Medina; el Sr. Gregorio Ramos Hernández; el Sr. Restituto Ramos Hernández; la Sra. Annette Vereda Ramos Feliciano; la Sra. Johanna Ramos Feliciano; la Sra. Ana María Feliciano; la Sra. Diana Liz Ramos Feliciano; y el Sr. Wilfredo Ramos Medina. Véase; Apéndice del *Escrito de Apelación*, págs. 1-5.

[5] Apéndice del *Escrito de Apelación*, págs. 1-40.

[6] *Íd.*, págs. 6-20.

[7] *Íd.,* págs. 10-11.

[8] Apéndice del *Escrito de Apelación*, págs. 75-81.

[9] Apéndice del *Escrito de Apelación*, págs. 129-132.

KLAN202500056                                                          3

Don Gil Ramos Acevedo.

El **16 de noviembre de 2022**, la parte apelada/demandante replicó la reconvención negando las alegaciones.[10]

Luego que la parte apelada/demandante informara sobre el fallecimiento de dos (2) de los demandantes —*Sr. Gregorio Ramos Hernández y el Sr. Saturnino Ramos Hernández*—,[11] presentó el **16 de julio de 2024** una *MOCIÓN PARA QUE SE SEÑALE UNA VISTA EVIDENCIARIA PARA QUE SE ENCUENTRE EN TEMERIDAD AL DEMANDANTE Y EMITA UN REMEDIO CONTRA EL DEMANDANTE POR FRAUDE Y FALSA REPRESENTACIONES.*[12] En resumen, señaló entre otras cosas, que al realizar unas gestiones investigativas para conocer la fecha y lugar del fallecimiento del Sr. Saturnino Ramos Hernández descubrieron que éste falleció el **2 de junio de 2018** —*aproximadamente dos (2) años **antes** de la demanda*—.[13] Por lo que solicitó que se ordenara a la contraparte a presentar copia de la escritura pública de Poder que otorgó el Sr. Saturnino Ramos Hernández el día 7 de abril de 2017 a favor del co-demandante señor Ramos Medina.

Ante la falta de actos por ambas partes para atemperar el pleito con la realidad de los demandantes fallecidos, el **29 de octubre de 2024** el TPI emitió una *Sentencia Parcial.*[14] En lo pertinente, les otorgó a las partes un plazo final e improrrogable de treinta (30) días para incluir a la sucesión del co-demandante Sr. Saturnino Ramos Hernández (quien falleció antes de la demanda), y, en cuanto al Sr. Gregorio Ramos Hernández (quien falleció luego de la demanda), autorizó el emplazamiento por edicto de su sucesión. Además, les advirtió a las partes que cualquier

---

[10] Apéndice del *Escrito de Apelación*, págs. 140 – 142.
[11] Apéndice del *Escrito de Apelación*, pág. 173.
[12] Apéndice del *Escrito de Apelación*, págs. 186 – 200.
[13] Apéndice del *Escrito de Apelación*, pág. 198.
[14] Notificada el 8 de noviembre de 2024.; Apéndice del *Escrito de Apelación*, págs. 276-279.

incumplimiento con lo ordenado, acarrearía la desestimación, tanto de la demanda como de la reconvención. Dicha determinación fue notificada el **8 de noviembre de 2024** a las partes y a sus abogados a las siguientes direcciones:

> **ANA MARIA FELICIANO**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **ANNETTE VEREDA RAMOS FELICIANO**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **DIANA LIZ RAMOS FELICIANO**
> *BUZON 2842 QUEBRADILLAS, PUERTO RICO 00678*
> **FRANCISCO TIMOTHÉE VEGA** (**co-abogado de la parte apelante/demandada**)
> *LCDO.FJTIMOTHEE@GMAIL.COM*
>
> **GREGORIO RAMOS HERNANDEZ**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **HERIBERTO VALERIANO CORTES RAMOS**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **JOHANNA RAMOS FELICIANO**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **JOSE ANTONIO RAMOS MEDINA**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **JOSÉ A. VEGA VALENTÍN** (**abogado de la parte apelada/demandante**)
> *LCDOVEGAVALENTIN@GMAIL.COM*
>
> **LUISA RAMOS MEDINA**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **MILAGROS RAMOS MEDINA**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **MILTA CORTES RAMOS**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **MÓNICA TIMOTHÉE VEGA (co-abogada de la parte apelante/demandada)**
> *LCDA.MTIMOTHEE@GMAIL.COM*
>
> **NELIDA CORTES RAMOS**
> *417 GRAND ST 1303, NEW YORK, NEW YORK, ESTADOS UNIDOS, 10002*
> **OLGA IRIS RAMOS MEDINA**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **RAFAEL RAMOS MEDINA**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **RESTITUTO RAMOS HERNANDEZ**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*
> **SATURNINO RAMOS HERNANDEZ**
> *BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678*

***VICTOR CORTES RAMOS***
*1 LINCON SQUARE 12D, ALBANY, NEW YORK, ESTADOS UNIDOS, 12202*
***WILFREDO RAMOS MEDINA***
*BUZON 2842 CALLE GIL RAMOS QUEBRADILLAS, PUERTO RICO 00678 [.]*[15]

Posteriormente, el **15 de noviembre de 2024** el Lcdo. José A. Vega Valentín ("Lcdo. Vega Valentín") presentó una moción de renuncia a la representación legal de la parte apelada/demandante debido a unas alegadas diferencias irreconciliables con el co-demandante señor Ramos Medina.[16] Así, el Lcdo. Vega Valentín suministró una lista de direcciones y números telefónicos de los apelados/co-demandantes:

*[I]nformamos al Tribunal que los nombres, direcciones y números de teléfono que nos fueron suministrado de los hijos de Gregorio Ramos Hernández son los siguientes:*

1. ***Sonia Ramos****: 364 E. Grassy Sprain Rd. Yonkers, New York,10710; Teléfono (914)-882- 8360.*
2. ***Lilliam Ramos****: 360 Apt. 1M East 55 st. New York 10022; Teléfono (818)-447-4951.*
3. ***Lydia Ramos****: 472 Vía Del Lago Newbury Park California 91320-6928; Teléfono (805)- 807-134.*
4. ***Henry Ramos****: quien residió y falleció en el estado de California y procreó 5 hijos cuyos nombres se desconocen y lo único que se cree es que todos son residentes del Estado de California.*

*Con respecto a el causante Saturnino Ramos Hernández este dejó 10 hijos cuyos nombres son los siguientes:*

*1- **Wilfredo Ramos***

*2- **Wilson Ramos***

*3- **Maria Ramos***

*4- **Lizza Ramos***

*5- **Daniel Ramos***

*6- **Samuel Ramos***

*7- **Eddie Ramos***

*8- **Jacqueline Ramos***

*9- **Rigoberto Ramos***

*10- **Héctor Ramos***

*De los hijos antes nombrados **Lizza**, **Daniel**, **Samuel**, **Eddie** y **Jacqueline** lo único que se sabe es que los mismos viven en Tampa, Florida, Estados Unidos de América.*

*En cuanto al heredero **Rigoberto Ramos** su dirección es 2768 Swan Vil Blvd número 309 BLD2 Lakeland, Florida 33810-5258. Teléfono número (717)-425-0828.*

*Con respecto a los demás hijos de Saturnino Ramos Hernández no se nos suministró información alguna de ellos.*

---

[15] Apéndice del *Escrito de Apelación*, págs. 278-279.
[16] Apéndice del *Escrito de Apelación*, págs. 280-283.

> [Q]*ue la última dirección y números de teléfono conocidas de las partes demandantes son las siguientes:*
>
> **Gregorio Ramos***: 12647 Hubbard St. Sylmar, California 91342.*
>
> **Diana Liz Ramos***: Buzón 2846 Carr 113 Barrio Cacao, Quebradillas, Puerto Rico 00678; Teléfono 787-407-0264.*
>
> **Johanna Ramos***: Buzón 2846 Carr 113 Barrio Cacao, Quebradillas, Puerto Rico 00678; Teléfono 787-218-8480.*
>
> **Annette Ramos***: Buzón 2846 Carr 113 Barrio Cacao, Quebradillas, Puerto Rico 00678; Teléfono 203-690-1831.*
>
> **Milta Cortés Ramos***: 2849 Calle Gil Ramos Bo Cacao, Quebradillas, Puerto Rico 00678; Teléfono 787-549-5744*
>
> **José Ramos Medina***: 2842 Calle Gil Ramos, Bo Cacao, Quebradillas, Puerto Rico 00678; Teléfono 787-231-7814.*
>
> **Restituto Ramos Medina***: 2507 Wallace Ave. Bronx, New York 10467; Teléfono 646-702-4336.*
>
> **Olga Iris Ramos Medina***: 1314 Ellison Ave. Bronx, New York 10461; Teléfono 917-849-9986.*
>
> **Rafael Ramos Medina***: 803 Calle Estación, Bo Terranova, Quebradillas, Puerto Rico 00678; Teléfono 787-235-7316.*
>
> **Milagros Ramos Medina***: 4042 Bronx Wood Ave. Bronx New York, 10466; Teléfono 929-355- 4383.*
>
> **Heriberto Valeriano Cortés Ramos***: 2849 Calle Gil Ramos Bo Cacao, Quebradillas, Puerto Rico 00678; Teléfono 787-549-5744.*
>
> **Wilfredo Ramos Medina***: Carr 457 Km 2.5 Bo Planas, Quebradillas, Puerto Rico 00678; Teléfono 787-431-9666*
>
> **Ana María Feliciano***: Buzón 2846 Carr 113 Barrio Cacao, Quebradillas, Puerto Rico 00678; Teléfono 787-407-0264.*[17]

En consecuencia, el **18 de noviembre de 2024** la parte apelante/demandada presentó una *SOLICITUD PARA QUE SE ACLARE MOCIÓN SOBRE RENUNCIA DE REPRESENTACIÓN Y SOLICITUD DE REMEDIO.*[18] Entre otras, solicitó que se ordenara al Lcdo. Vega Valentín a certificar las direcciones y teléfonos, así como los correos electrónicos de sus representados. De ese modo, expresó preocupación en cuanto a si los co-demandantes recibieron las notificaciones del TPI.

El **6 de diciembre de 2024**, la parte apelante/demandada presentó *Escrito al Expediente Judicial*,[19] en el que solicitó la sustitución del finado Sr. Gregorio Ramos Hernández y el emplazamiento por edicto de la sucesión de este.

---

[17] *Íd.*, págs. 281 – 282.
[18] Apéndice del *Escrito de Apelación*, págs. 284-286.
[19] Apéndice del *Escrito de Apelación*, págs. 288-291.

Así las cosas, el **16 de diciembre de 2024** el TPI dictó la *Sentencia* apelada, en la cual desestimó sin perjuicio tanto la *Demanda* como la *Reconvención*.[20] En lo pertinente, expresó:

> [C]*omo establecimos anteriormente, el 8 de noviembre de 2024, este Tribunal dictó Sentencia Parcial mediante la cual se le ordenó a las partes que, entre otras cosas, en treinta (30) días finales e improrrogables, incluyera como parte a la sucesión del Sr. Saturnino Ramos Hernández. Además, se dispuso que cualquier incumplimiento con lo ordenado implicaría la desestimación, tanto de la demanda como de la reconvención. El Sr. Saturnino Ramos Hernández había fallecido con anterioridad a la presentación de la demanda, por lo que nunca fue parte en el pleito, y la sucesión de este se considera parte indispensable en el caso de autos. Transcurrido el término dispuesto, y no habiéndose cumplido la orden para atemperar la realidad a los hechos del caso, procede la desestimación tanto de la demanda, como de la reconvención.* [...].[21]

Dicha sentencia fue notificada el **17 de diciembre de 2024** a los tres (3) abogados de récord;[22] a saber:

> **FRANCISCO TIMOTHÉE VEGA** (co-abogado de la parte apelante/demandada)
> *LCDO.FJTIMOTHEE@GMAIL.COM*
>
> **JOSÉ A. VEGA VALENTÍN** (abogado de la parte apelada/demandante)
> *LCDOVEGAVALENTIN@GMAIL.COM*
>
> **MÓNICA TIMOTHÉE VEGA** (co-abogada de la parte apelante/demandada)
> *LCDA.MTIMOTHEE@GMAIL.COM*

Con relación a la *SOLICITUD PARA QUE SE ACLARE MOCIÓN SOBRE RENUNCIA DE REPRESENTACIÓN Y SOLICITUD DE REMEDIO* y a la *MOCION SOBRE RENUNCIA DE REPRESENTACIÓN* de la parte apelante/demandada, el TPI notificó una *Orden* el **17 de diciembre de 2024**,[23] en la cual expresó: *"VÉASE LA SENTENCIA DEL 16 DE DICIEMBRE 2024"*.[24]

Ese mismo **17 de diciembre de 2024**, la parte apelante/demandada presentó una *Moción de Reconsideración*.[25] Fundamentó su reconsideración en que se realizaron esfuerzos diligentes y constantes para cumplir con las órdenes relacionadas

---

[20] Apéndice del *Escrito de Apelación*, págs. 300-303.
[21] *Íd.*, pág. 302.
[22] Apéndice del *Escrito de Apelación*, pág. 303.
[23] Dictada el 17 de diciembre de 2024.
[24] Apéndice del *Escrito de Apelación*, pág. 304.
[25] Apéndice del *Escrito de Apelación*, págs. 305-312.

al Sr. Gregorio Ramos Hernández y al Sr. Saturnino Ramos Hernández. Añadió que sometió varios documentos al récord para cumplir con las órdenes del TPI.

En **igual fecha**, la parte apelante/demandada instó una *DEMANDA CONTRA TERCERO* contra la Sucesión del Sr. Saturnino Ramos Hernández.[26] Alegó que estaba compuesta por: Wilfredo Ramos, Wilson Ramos, María Ramos, Lizza Ramos, Daniel Ramos, Samuel Ramos, Eddie Ramos, Jacqueline Ramos, Rigoberto Ramos y Héctor Ramos.

Mediante *Resolución* emitida el **19 de diciembre de 2024,** el TPI declaró *No Ha Lugar* a la moción de reconsideración presentada.[27]

Referente a la demanda contra tercero, el **20 de diciembre de 2024**, el TPI expresó: *"VÉASE LO RESUELTO EL 19 DE DICIEMBRE 2024".*[28]

Trabada ahí la controversia, el **21 de enero de 2025** la parte apelante/demandada presentó ante este Tribunal Apelativo el recurso de epígrafe y nos señaló los siguientes dos (2) errores:

> **PRIMER ERROR**: *ERRÓ y abusó de su discreción, el TPI al desestimar tanto la Demanda como la Reconvención sin considerar remedios alternativos que salvaguardaran los derechos de las partes y garantizaran su acceso a la justicia.*
>
> **SEGUNDO ERROR**: *Erró y abuso de su discreción, el TPI al desestimar la Demanda y la Reconvención mientras existía una moción de relevo de representación legal sub judice y no se notificó correctamente a las partes.*

El **23 de enero de 2025**, emitimos una *Resolución* en la cual se le concedió un término de treinta (30) días a la parte apelada/demandante para someter su posición. Transcurrido el plazo sin la comparecencia, dimos por sometido el asunto para la consideración del Panel Especial.

---

[26] Apéndice del *Escrito de Apelación*, págs. 313-320.
[27] Notificada el 20 de diciembre de 2024.; Apéndice del *Escrito de Apelación*, págs. 322-323.
[28] Notificada el 20 de diciembre de 2024.; Apéndice del *Escrito de Apelación*, pág. 321.

**-II-**

**-A-**

Como piedra angular de nuestro ordenamiento procesal, las Reglas de Procedimiento Civil tienen como fin último fomentar y facilitar el acceso a los tribunales de justicia en esta jurisdicción.[29] Asimismo, presume que está en el interés de todas las partes participar de un procedimiento ágil y expedito.[30] La Regla 39.2 (a) de Procedimiento Civil, regula lo relativo a la facultad de los tribunales para sancionar una parte ante el incumplimiento de las reglas procesales o las órdenes emitidas por dicho foro.[31]

Cuando la conducta de una parte aparenta desviarse de los referidos postulados, nuestro ordenamiento procesal concede a los tribunales la facultad de aplicar la medida de extrema de desestimar su pleito.[32] A esos efectos, la aludida Regla 39.2 (a) procura acelerar los trámites judiciales y permite que se desestime un caso cuando una parte ha dejado de cumplir con las órdenes de dicho foro, disponiendo que:

> (a) *Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.*
>
> *Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso*

---

[29] Regla 1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 1.
[30] *Íd.*
[31] Regla 39.2 inciso (a) de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 39.2 (a).
[32] *Íd.*

*justifiquen que se reduzca el término.*
[…].[33]

Conforme se desprende del precitado texto, la desestimación de un pleito por el incumplimiento con las Reglas de Procedimiento Civil o las órdenes del Tribunal, exige, como paso previo, el agotamiento de los mecanismos sancionadores allí establecidos de modo subsidiario.

Si bien es cierto que en nuestro ordenamiento jurídico se favorece que los casos se ventilen en sus méritos, la citada regla permite que los tribunales desestimen un pleito o eliminen las alegaciones de una parte cuando se demuestre de forma clara e inequívoca su desatención y abandono total para con el caso.[34] En ese sentido, *"[l]os tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna intervención".*[35] Sin embargo, la disposición en cuestión también establece la obligación de los tribunales de realizar ciertos apercibimientos e imponer las sanciones allí mencionadas de manera progresiva.[36]

Sobre este particular, el Tribunal Supremo de Puerto Rico ha expresado que:

> *[u]na vez se plantea ante el tribunal de instancia una situación que amerite la imposición de sanciones, este debe primeramente amonestar al abogado de la parte. Si la acción disciplinaria no produce frutos positivos, procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento.*[37]

Las advertencias que realice el TPI deben informar de forma específica sobre las consecuencias que acarrea el incumplimiento de la orden judicial.[38] Además, deben ser adecuadas y habrán de notificarse tanto al abogado como a la parte, de esta forma la parte

---

[33] *Íd. Énfasis suplido.*
[34] *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334 (2010).
[35] *Mejías et al. v. Carrasquillo et al., supra,* pág. 298.
[36] *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222 (2001).
[37] *Mejías et al. v. Carrasquillo et al., supra,* pág. 297.
[38] *Mun. de Arecibo v. Almac. Yakima, supra,* pág. 223.

tiene la oportunidad de ejercer medidas correctivas.[39]

**-B-**

De su parte, la Regla 16.1 de Procedimiento Civil regula el mecanismo de acumulación de una parte indispensable en un pleito ya comenzado.[40] Dicha regla dispone que son partes indispensables aquellas *"[p]ersonas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda"*.[41] El propósito de acumular una parte indispensable es proteger a la parte que no está presente en el pleito de los efectos perjudiciales que pudiera tener una sentencia en su contra y evitar la multiplicidad de pleitos.[42]

Al momento de determinar si la presencia de una parte es indispensable, el tribunal debe ponderar si: *"[p]odrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente. En ese sentido, lo que se busca proteger son los intereses de quien no ha sido traído al litigio y que, de dejarse fuera, no tendría oportunidad alguna de defenderlos"*.[43]

El interés común al que se refiere la Regla 16.1 de Procedimiento Civil, *supra,* no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un derecho adecuado sin afectarlo.[44] Se ha precisado que el *"interés común"* tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente.[45]

---

[39] *Íd.*
[40] Regla 16.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 16.1; *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 510 (2015).
[41] 32 LPRA Ap. V., R. 16.1.
[42] *Romero v. SLG Reyes,* 164 DPR 721, 733 (2005).
[43] *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677 (2012).
[44] *García Colón et al. v. Sucn. González,* 178 DPR 527, 549 (2010).
[45] *Ex Parte RPR & BJJ,* 207 DPR 389, 407 – 410 (2021); *López García v. López García,* 200 DPR 50, 64 (2018).

En cuanto a la frase *"sin cuya presencia no pueda adjudicarse la controversia"* nuestro Tribunal Supremo ha expresado que: *"excepto en aquellas circunstancias en las que la adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato que esta tiene en el pleito, en raras ocasiones será imposible resolver la controversia sin su presencia".*[46] Para determinar si la presencia de una parte es indispensable, el Tribunal Supremo de P.R. ha señalado que tal evaluación requiere un enfoque práctico, a la luz de las circunstancias particulares de cada caso.[47] Tal análisis exige una evaluación de los siguientes factores:

> *[e]l tiempo, el lugar, las alegaciones, la prueba y las clases de derechos e intereses en conflicto. Es por ello que los tribunales tienen que hacer un análisis juicioso que incluya la determinación de los derechos del ausente y las consecuencias de no unirlo como parte en el procedimiento.*[48]

Por tanto, el omitir *"[t]raer a una parte indispensable al pleito acarrea una violación al debido proceso de ley que la cobija"* y la sentencia sería nula, pues el tribunal carece de jurisdicción sobre la persona.[49] En vista de lo anterior la Regla 10.2 inciso (6) de Procedimiento Civil permite que la parte demandada solicite la desestimación de una demanda en su contra por:

> *(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio;* **(6) dejar de acumular una parte indispensable.**[50]

Sin embargo, el Tribunal Supremo ha sido enfático en expresar que no procede la desestimación de una demanda si esta es susceptible de ser enmendada.[51]

En acuerdo con lo anterior, la falta de parte indispensable en un pleito es un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante

---

[46] *García Colón et al. v. Sucn. González, supra.*
[47] *Íd.,* págs. 549 – 550.
[48] *Colón Negrón et al. v. Mun. Bayamón, supra,* págs. 512-513.
[49] *García Colón et al. v. Sucn. González, supra,* págs. 550-551.
[50] 32 LPRA Ap. V, R. 10.2. Énfasis nuestro.
[51] *Accurate Sols. v. Heritage Environmental,* 193 DPR 423, 433 (2015).

el proceso.[52] Incluso, los foros apelativos, si así lo entienden, pueden y deben levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que ésta incide sobre la jurisdicción del tribunal.[53]

**-III-**

En el presente caso, la parte apelante/demandada nos señala la comisión de dos (2) errores.

En síntesis, en el primer error aduce que el TPI incidió al desestimar tanto la demanda como la reconvención sin considerar remedios alternativos que salvaguardaran los derechos de las partes y que garantizaran el acceso a la justicia. Tiene razón.

Mediante *Sentencia Parcial* **notificada** el <u>8 de noviembre de 2024</u>, el TPI les brindó a las partes un plazo final e improrrogable de <u>30 días</u> para que incluyeran a la Sucesión del Sr. Saturnino Ramos Hernández y autorizó el emplazamiento por edicto de la Sucesión del Sr. Gregorio Ramos Hernández. Surge del expediente que, dicha determinación fue notificada tanto a los integrantes de cada parte como a sus representantes legales a las direcciones que en ese momento constaba en el expediente del TPI.

Sin que el TPI se pronunciara al respecto, la parte apelante/demandada solicitó el **6 de diciembre de 2024** la sustitución del Sr. Gregorio Ramos Hernández y expidiera el emplazamiento por edicto de la sucesión de este. El término de <u>30 días</u> provisto en *la Sentencia Parcial* <u>no había concluido</u>, por lo que no correspondía desestimar la reconvención penalizando a dicha parte que estaba cumpliendo con las órdenes, pese a las dificultades del caso.

Súmese a lo antes dicho que, el TPI concluyó que ante el fallecimiento del Sr. Saturnino Ramos Hernández con anterioridad a la presentación de la demanda, la sucesión de este se considera

---

[52] *López García v. López García, supra*, a la pág. 65.
[53] *Íd.*

parte indispensable en el caso. Ciertamente, les correspondía a las partes atemperar el pleito a la realidad de los fallecimientos. Sin embargo, vemos en el expediente las diligencias de la parte apelante/demandada por cumplir con ello y con las órdenes del tribunal.

Todavía más, desde el 15 de noviembre de 2024 el Lcdo. Vega Valentín había solicitado la renuncia a la representación legal de la parte apelada/demandante ante unas alegadas diferencias con el co-demandante señor Ramos Medina. Sin embargo, el TPI no atendió la misma y procedió a notificar la *Sentencia* apelada el 17 diciembre de 2024, en la que desestimó la *Demanda* y la *Reconvención*. Ello, en detrimento de la parte apelada/demandante, que en ese momento, esperaba la resolución de la referida renuncia para que los co-demandantes pudieran anunciar una nueva representación legal. A todas luces, el primer error se cometió.

En cuanto al segundo error, la parte apelante/demandada aduce que tanto la *Sentencia Parcial* **notificada** el 8 de noviembre de 2024 como la *Sentencia* apelada **notificada** el 17 diciembre de 2024 fueron notificadas defectuosamente, ya que 15 de noviembre de 2024 el Lcdo. Vega Valentín había solicitado la renuncia a la representación legal de la parte apelada/demandante ante unas alegadas diferencias con el co-demandante señor Ramos Medina. Por lo que el abogado suministró una lista de nuevas direcciones y números telefónicos de los co-demandantes que, no todas obraban en récord al momento de presentar la demanda de epígrafe. No le asiste la razón.

Como es sabido, para que la renuncia sea efectiva, **requiere la aprobación expresa del tribunal** y el abogado no queda automáticamente desvinculado de su responsabilidad para con el

cliente con la mera presentación de la solicitud de renuncia.[54] En otras palabras, hasta que el TPI no acepte la renuncia del representante legal, dicho abogado tiene la obligación de continuar representando a sus representados con los más altos intereses de justicia. Por lo que, aun cuando el Lcdo. Vega Valentín había solicitado la renuncia, no surge que el tribunal de instancia la hubiera aceptado, por lo que le corresponde al abogado continuar representando y cumpliendo con las órdenes de dicho foro, hasta que sea debidamente relevado. Es decir, ambas Sentencias fueron notificadas debidamente a la dirección de la parte apelada/demandante que obra en el expediente del caso bajo la vigente representación legal del Lcdo. Vega Valentín, la cual, el foro sentenciador no ha resuelto todavía. Una vez el foro *a quo* resuelva la renuncia del Lcdo. Vega Valentín, entonces podrá notificar la misma a las partes, incluyendo el listado con las nuevas direcciones de los co-demandantes allí proporcionadas.

Ante el derecho esbozado y los hechos expuestos, procedemos a revocar la *Sentencia* apelada a los fines de que la *Demanda* y la *Reconvención* continúen su curso. Ciertamente, en lo que respecta a la parte apelante/demandada le corresponde realizar los trámites procesales correspondiente para atemperar el pleito a la realidad de las circunstancias. Por otra parte, el TPI deberá resolver la solicitud de renuncia presentada por el Lcdo. Vega Valentín y darle un plazo razonable a la parte apelada/demandante para contratar una nueva representación legal en pro de sus intereses.

### -IV-

Por los fundamentos antes expuestos, **revocamos** la *Sentencia* apelada a los efectos de que continúen los trámites de la

---

[54] *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975); *In re Acosta Grubb,* 119 DPR 591 (1987); *In re Díaz Nieves,* 189 DPR 1000 (2013); *In re Villalba Ojeda,* 193 DPR 966 (2015).

*Demanda* y *Reconvención* instada por las partes. Así, se ordena la continuación de los procedimientos de conformidad con lo antes resuelto.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones